[No. 2461.]

SMITH v. RUSSELL ET AL.

1.  **Options—Revocation—Notice—Escrow.**

Where an option for a certain number of days was given to purchase certain property and a deed was executed and deposited in a bank to be delivered to the purchaser upon the payment of the purchase price within the time limited by the option, if the option was revocable by the grantor, it could only be revoked upon notice to the purchaser, and a notice to the bank was not notice to the purchaser.

2.  **Same—Recording.**

Where an option for a certain time was given to purchase property, the recording of a subsequent deed to the same property to another party within the time limited by the option contract was not notice to the party holding the option of its revocation by the grantor.

3.  **Options—Time—Sundays.**

Where an option to purchase property is given for a certain

number of days and the last day of the number falls on Sunday, the purchaser has all of the next day within which to accept the option.

4.   Laches—Pleading.

    As a general rule laches is a matter of defense, and to be availed of must be presented by answer.

*Appeal from the District Court of Arapahoe County.*

Messrs. THOMAS, BRYANT & LEE and Mr. E. HARVIE SMITH, for appellant.

Messrs. PATTERSON, RICHARDSON & HAWKINS and Mr. JOHN A. EWING, for appellees Pierce, Estey, Stickley and George H. Taylor.

GUNTER, J.

The sufficiency of the complaint as against a general demurrer is the question here. The complaint in substance is: September 9, 1891, Russell, the owner of an interest in certain mining claims, deposited his deed therefor—appellant grantee—and the following writing with appellee bank:

"The within deed of conveyance  *  *  *  is hereby deposited  *  *  *  on the following  *  *  * conditions: In case M. E. Smith or his assigns shall pay to the said bank for the use of the undersigned the sum of five hundred ($500) dollars within sixty (60) days from this date, then the within deed shall be delivered to the said M. E. Smith or his assigns or order; in case said M. E. Smith shall fail to pay said sum of money within the time above specified said deed enclosed shall be delivered back to the undersigned or his order to be destroyed." (Dated September 9, 1891.)

October 29, 1891, Russell served upon the bank a notice purporting to annul the option thus created, demanded of it possession of the deed, and upon that date made a conveyance to appellee George H. Taylor

covering the same interest as the escrow deed. This
was recorded November 5, 1891. November 9, 1891,
appellant tendered the bank the $500.00 provided by
the option, and demanded the escrow deed. The bank
declined the tender and refused to deliver the deed. It
was yet in possession of the deed when this action was
brought. Taylor took his deed of October 29 with
knowledge of the rights of appellant under the
option. Whatever interest was so acquired by him
passed by *mesne* conveyances to other parties, who
also took with knowledge of appellant's said right.

This action was to annul the deed from Russell
to Taylor, also the above *mesne* conveyances and to
compel a delivery of the escrow deed. It does not
appear from the complaint that appellant when he
made his tender under the option on November 9,
had any knowledge of the attempted revocation of
October 29, or of the deed of that date to Taylor. The
complaint set out the option, the tender within the
time fixed thereby, and the refusal of the escrow
agent to deliver the deed.

The lower court held the complaint obnoxious to
a general demurrer and entered a judgment of dis-
missal.

1. In support of the judgment appellees say
that the option sued on was without consideration,
that it was therefore revocable at any time before
acceptance, and that it was so revoked by the notice
to the bank of October 29, which was before the
acceptance of appellant.

It does not appear from the complaint that this
notice was served upon appellant, or that he had
actual knowledge thereof before he had accepted the
option November 9. Assuming then for the purpose
of the ruling that the option was revocable, but
expressing no opinion as to whether it was or not,
was the notice of intended revocation communicated

to the bank a sufficient communication thereof to appellant?

"The authorities are abundant to the proposition that when an offer is made and accepted by the posting of a letter of acceptance, before notice of withdrawal is received, the contract is not impaired by the fact that a revocation had been mailed before the letter of acceptance."—*Patrick v. Bowman,* 149 U. S. 411, 424.

"It may now be considered settled that as a rule there can be no revocation without the knowledge of the party to whom the offer was made."—Parsons on Contracts (8th ed.), vol. 1, p. 498 (Note 2).

"A proposal is revoked by communication to the other party of the proposed intention to revoke it, and the revocation can take effect only when that communication is made before acceptance."—Principles of Contracts, Pollock (6th ed.), p. 27.

"Even when on making the offer the proposer expressly promises to allow a certain time to the other party for acceptance, the offer may nevertheless be retracted in the interval, if no consideration has been given for the promise (and provided that the retraction is duly *communicated* to the other party before he has accepted the offer)."—Benj. on Sales (Revised ed.), §§ 41, 42.

The option was an offer to sell continuing through the sixty days prescribed therein. Assuming that it was revocable within that time, under the above authorities, notice of its revocation to be effective must have been communicated before its acceptance by appellant. Notice to the bank of the intended revocation was not a communication of it to appellant, because the bank had no authority to represent appellant in the matter of such notice. The extent of the bank's agency is determined by the option of September 9. The agency thus created was to deliver

the deed if the option was availed of, and in case of default to return the deed to Russell.

We think the revocation intended by the notice of October 29 was not effective because not communicated to appellant before his acceptance of the option.

2.   The deed from Russell to Taylor of October 29 was filed for record November 5.   It is contended that the making of this deed was a revocation of the previous option given by Russell to appellant, and that by its filing for record appellant was charged with constructive notice thereof November 5.

If the contention be sound that the making of such deed and the constructive notice thereof to appellant before the acceptance of the option would have worked its revocation—upon which no opinion is expressed—fatal to its application here is the law that the filing of the deed November 5 was not upon that date, or upon any other date prior to the acceptance of the option, constructive notice thereof to this appellant.   The effect of the filing of this deed as constructive notice depends upon the statute.—1 Mills' Ann. Stats., sec. 446.   This made it constructive notice as to subsequent *bona fide* purchasers and encumbrancers by mortgage or otherwise, but no further.

"A deed duly recorded is constructive notice of its existence, and of its contents, to all persons claiming what is thereby conveyed under the same grantor by subsequent purchase or mortgage, but not to other persons."—*Gillett v. Gaffney,* 3 Colo. 351, 366.

"That the record of a deed is constructive notice to all the world, is too broad an enunciation of the doctrine.   Such record is constructive notice only to those who are bound to search for it, as subsequent purchasers of the mortgagees, and all others who deal with it on the credit of the title in line of which the recorded deed belongs."—*Maul v. Rider,* 59 Pa.

167; 3 Wash. Real Prop. (6th ed.), §§ 2200, 2204; *Rose v. Dunklee,* 12 Colo. App. 403, 412.

The option was made September 9; under it appellant was claiming November 5, and when he made his tender November 9. He had no occasion to inspect the records November 5, or at any other time prior to his tender. He was not prior to his tender within the statute, therefore was not charged with constructive notice by the filing of the deed.

3. It is contended by appellees that even though the revocation of October 29 was not effectual, that the option was defeated because not accepted within the sixty days prescribed therein. The option was given September 9, tender made November 9, the sixtieth day fell upon Sunday, on the following day, the sixty-first, the option was accepted. Whether acceptance was in time depends upon whether Sunday, November 8, should be included in computing the sixty days. The weight of authority is that it should not be.

"As the ninetieth day fell on Sunday, the lands were not open to another application until Monday, the general rule being that when an act is to be performed within a certain number of days, and the last day falls on Sunday, the person charged with the performance of the act has the following day to comply with his obligations."—*Monroe Cattle Co. v. Becker,* 147 U. S. 47, 55, and authorities cited.

"The rule that where the last day of a certain number of days allowed for the doing of an act falls on Sunday, the act may be done upon the next day, has been by statute, in many states, made a rule of statutory construction, but it appears even without such distinct enactment to be very generally recognized as such."—Endlich on the Interpretation of Statutes, § 293.

"When the last day within which a deed is to

be performed falls on Sunday, that day is excluded and the act may be done on the succeeding day.''—*Pressed Steel Car Co. v. E. Ry. Co.*, 57 C. C. A. 635, 645; Am. and Eng. Ency. of Law (2d ed.), vol. 28, p. 224; Bishop on Contracts, § 1438.

4.　The contract herein was of date September 9, 1891, the refusal to deliver the deed November 9, 1891, and the present suit instituted August, 1897. It is said that such delay, unexplained, constitutes such *laches* as to preclude a recovery.

As a general rule *laches* is a matter of defense, and to be availed of must be presented by answer.

"*Laches* is not a ground for demurrer, and 'the party against whom any such defense is suggested ought to have full and ample opportunity to make the necessary explanation.' ''—*Town of Fairplay v. Park County*, 29 Colo. 57, 60.

"As a general rule *laches* is not a ground for demurrer; ordinarily the party against whom such a defense is suggested ought to have a full and ample opportunity to explain it away.''—*Blakely v. Ft. Lyon Canal Co.*, 31 Colo. 224, 73 Pac. 249, 252.

The facts stated in the complaint did not take the case out of this general rule.

5.　The court sustained the motion of appellee Joseph W. Taylor to strike out paragraphs 4 and 29 of the complaint because of their alleged immateriality.

There is no appearance for Taylor upon this appeal. No argument has been made in behalf of this motion. We cannot go into its merits without considering features of the complaint not argued. It is not clear to us that this matter is immaterial, it can work no prejudice to leave it in the complaint. The order of the lower court sustaining this motion is overruled.

Judgment reversed.　　　　　　*Reversed.*