[No. 5432.]

[No. 3090 C. A.]

## JUDD ET AL. V. ROBINSON ET AL.

1. **Cities and Towns—Real Property—Conveyances—Conditions —Covenants—Liquor Business.**

A restrictive covenant in deeds to town lots prohibiting the use of the premises for the manufacture or sale of intoxicating liquors as a beverage on pain that the title should be forfeited and revert to the grantor, in furtherance of a general scheme to prohibit the manufacture and sale of liquor within the town, is valid.—P. 226.

2. **Same—Pleading—Complaint—Knowledge of Purchaser.**

In a suit to enforce a covenant restricting the use of defendant's premises, the complaint affirmatively showed that plaintiffs were not parties to the original covenant in the deed under which defendant derived her title. Held, that such complaint is fatally defective for failure to allege that she had actual or constructive knowledge of the general plan or scheme, in furtherance of which such covenant was inserted at the time she purchased her lots, in accordance with the rule that an action is not maintainable on such a covenant by one not a party thereto where it does not appear that the covenant was entered into for the benefit of plaintiffs alone and formed no part of the consideration for plaintiff's purchase, since a covenant restricting the use of land will not be enforced against a subsequent purchaser without notice, actual or constructive, of the covenant. —P. 228.

3. **Same—Record—Notice.**

In an action by landowners with similar covenants, but not parties to a restrictive liquor covenant in defendant's deed to the property in controversy, to enforce the same on the theory that such covenant was inserted pursuant to a general plan for the conveyance of the entire townsite subject to such restriction, the defendant, though chargeable with notice of the covenant in so far as it affected the record title to the property conveyed to her, was not, by the record title of such other deeds, charged with constructive knowledge of the general plan or scheme for the restriction of the use of all the property in the town at the time she purchased her lots.—P. 229.

4. **Same—Parties Claiming Benefit of Covenant.**

A deed, pursuant to a general plan in the conveyance of town lots, contained a covenant by which the parties stipulated

"for themselves, their heirs, successors, and legal representatives" that the property should not be used for the manufacture or sale of liquors, and declared that, in case of a violation of the covenant, the title should be forfeited, and the premises should revert to the grantor, "its heirs, successors or assigns." Held, that the covenant being by its terms restricted to the town lots conveyed, was not for the benefit of the purchasers of other town lots purchased by plaintiffs under deeds containing similar covenants, and that plaintiffs were therefore not entitled to enforce it.—P. 229.

5. Same—Consideration—Allegations—Sufficiency.

In an action to enforce a restrictive liquor covenant in a deed, the complaint alleged that plaintiffs bought their property in good faith and in the belief that such covenant was legal and binding. Held, that, there being no allegation that plaintiffs at the time of their purchase had knowledge of or relied on the alleged general plan or scheme for making all the property in the town subject to such restriction, or that they purchased in view of the fact that such restriction was inserted in accordance with such general plan or scheme, an allegation so made does not supply the place of an allegation that the covenant entered into the consideration of the purchase.—P. 230.

*Appeal from the District Court of El Paso County. Hon. Robert E. Lewis, Judge.*

Action by D. G. Judd, F. C. Chamberlain and John Robertson against Minnie S. M. Robinson and The Robinson Drug Company, a corporation, to enforce certain covenants restricting the use of defendants' property. From a decree of dismissal, plaintiffs appeal.                                  *Affirmed.*

Mr. J. F. Sanford, for appellants.

Messrs. Gunnell & Chinn, for appellees.

Mr. Justice Maxwell delivered the opinion of the court:

The allegations of the amended complaint, so far as necessary to be stated, are: that plaintiffs—appellants and seven others—are residents and

owners of real estate in the city of Colorado Springs; that the town of Colorado Springs was platted and laid out as a town, under a general plan or scheme to have the same free from the manufacture, sale or disposition of intoxicating liquors as a beverage in any place of public resort within the town; that to this end the founders of the town, to wit, The Colorado Springs Company, inserted in all the deeds which they executed to lots in said town, the following clause, to wit:

"And also for the further consideration of the agreement between the parties hereto, for themselves, their heirs, successors and legal representatives, that intoxicating liquors shall never be manufactured, sold or otherwise disposed of, as a beverage, in any place of public resort in or upon the premises hereby granted, or any part thereof; and it is herein and hereby expressly reserved by the said party of the first part, that in case any of the above conditions concerning intoxicating liquors are broken by said party of the second part, his assigns or legal representatives, then this deed shall become null and void, and all right, title and interest of, in and to the premises hereby conveyed shall revert to the party of the first part, its heirs, successors and assigns; and the said party of the second part, by accepting this deed for himself, his heirs, executors, administrators and assigns, consents and agrees to the reservation and conditions aforesaid."

That the owners of land adjacent to the original town as platted and laid out made deeds to The Colorado Springs Company of such lands, which deeds contained the "liquor clause" above set forth, which was in furtherance of and in accordance with the general plan and scheme to have said town of Colorado Springs free from the manufacture, sale or disposition of intoxicating liquors in any place of public

resort within the town; that within two years from the time of the platting and laying out of said town, more than 400 deeds to lots in said town from said company to various parties were recorded in the records of El Paso county, all of said deeds containing said "liquor clause"; that on the 4th day of November, 1872, the recorder's office of El Paso county was furnished with records containing blanks with said "liquor clause" printed therein; that upon information and belief, The Colorado Springs Company advertised said town under the name of "Fountain Colony" as a place where intoxicating liquors should never be manufactured, sold or otherwise disposed of as a beverage in any place of public resort in said town; that in furtherance of said general plan or scheme it has been the practice and custom to insert such "liquor clause" in deeds to lots in said town from the organization thereof, and to insert such "liquor clause" in all deeds to property in all additions to said town up to the present time, except a few deeds which may have been executed by subsequent grantees, non-residents of the town; that defendant Robinson is the owner of two lots in said town; that said real estate so owned by defendant Robinson is a part of the original town and was conveyed by The Colorado Springs Company by a deed dated September 5, 1873, filed in the recorder's office of El Paso county, that such deed contained the "liquor clause" above referred to; that the defendant drug company is, and for a long time prior to the filing of the complaint has been, occupying and using a portion of the building erected upon said premises and is engaged in selling intoxicating liquors to be used as a beverage thereon, and that such drug store is a place of public resort; that defendant drug company is occupying and using said premises as a tenant of and with the knowledge and consent of de-

fendant Robinson; "that these plaintiffs and each of them purchased their said respective lots in said city as aforesaid, in good faith and in the belief that said "liquor clause" in the deeds to real estate in the said the city of Colorado Springs and additions thereto as aforesaid, was and is legal and binding, and that no owner of real estate in said city or the additions thereto could rightfully manufacture, sell or otherwise dispose of intoxicating liquors as a beverage in any place of public resort on any real estate in said city or additions thereto, and that no owner of real estate in said city or additions thereto could rightfully permit any person to manufacture, sell or otherwise dispose of intoxicating liquors as a beverage in any place of public resort on premises owned by such owner in said city or the additions thereto, and that no person could rightfully manufacture, sell or otherwise dispose of intoxicating liquors as a beverage in any place of public resort in said city or the additions thereto; that no person could rightfully permit any person or persons to manufacture, sell or otherwise dispose of intoxicating liquors as a beverage in any drug store in said city or additions thereto, and that no person or persons could rightfully manufacture, sell or dispose of intoxicating liquors as a beverage in any drug store in said city or additions thereto."

The defendants attacked the amended complaint upon the ground, *inter alia,* that it did not state facts sufficient to constitute a cause of action.

Defendants' demurrers having been sustained, and plaintiffs electing to stand upon their amended complaint, the action was dismissed at plaintiffs' costs, hence this appeal.

The "liquor clause" upon which plaintiffs base their right of action has been held valid by this court

in *Cowell v. Colorado Springs Co.,* 3 Colo. 82, and in *Cowell v. Springs Co.,* 100 U. S. 55.

Mr. Justice Field, in the latter case, said:

"We have no doubt that the condition in the deed to the defendant here is valid and not repugnant to the estate conveyed. It is a condition subsequent, and upon its breach the company had a right to treat the estate as having reverted to it, and bring ejectment for the premises."

But, while the clause under discussion is valid as between the grantor and its grantees, it by no means follows that any owner of lots in Colorado Springs may enforce the clause against any other lot owner.

*De Gray v. Monmouth Beach Club House,* 50 N. J. Eq. 329, is one of the numerous authorities relied upon by appellants to sustain their right to maintain this action.

The covenant in the deed in this action was:

"And the said party of the second part, for himself, his heirs and assigns, doth hereby covenant to and with the said Daniel Dodd and Francis Mackin, their heirs, executors and administrators, that he, the said party of the second part, his heirs or assigns, will not at any time hereafter erect or permit upon any part of the said lot any hotel, drinking saloon, gaming house, slaughter house, furnace, manufactory, brewery, distillery, or building for the curing of fish, or for any other uses or purposes *that shall depreciate the value of the neighboring property for dwelling houses.*"

The opinion reviews the English and American authorities upon the subject here under discussion and sums up the conclusion of the court as follows, at page 340:

"The law, deducible from these principles and the authorities applicable to this case, is, that where

there is a general scheme or plan, adopted and made public by the owner of a tract, for the development and improvement of the property, by which it is divided into streets, avenues and lots, and contemplating a restriction as to the uses to which buildings or lots may be put, to be secured by a covenant embodying the restriction, to be inserted in each deed to a purchaser; and it appears, by writings or by the circumstances, that such covenants are intended for the benefit of all the lands, and that each purchaser is to be subject to and to have the benefit thereof; and the covenants are actually inserted in all deeds for lots sold in pursuance of the plan; one purchaser and his assigns may enforce the covenant against any other purchaser and his assigns, if he has bought with knowledge of the scheme, and the covenant has been part of the subject-matter of his purchase.''

It affirmatively appears from the amended complaint that appellants were not parties to the original covenant contained in the deed under which appellee Robinson derives title to her property.

In such cases it is held, that an action is not maintainable (1) in which it does not appear that the covenant was entered into for the benefit of the land of which plaintiff has become the owner, and (2) in which it appears that the covenant has not entered into the consideration of plaintiff's purchase.

From the very nature of the case, a covenant restricting the use of land will not be enforced against a subsequent purchaser without notice, actual or constructive, of the covenant.

Tested by the foregoing principles the amended complaint is fatally defective in that it does not allege that appellee Robinson had actual or constructive knowledge of the general plan or scheme at the time she purchased her lots.

To overcome this defect it is said, that the record

in the recorder's office, of the deeds containing the "liquor clause," imputes knowledge to appellee Robinson of the general plan or scheme, evidenced by the "liquor clause" in said deeds.

This is not the law in this state.

A recorded deed is constructive notice of its contents to all persons claiming what is thereby conveyed, under the same chain of title, from the same grantor, but is not notice to other persons.—*Gillett v. Gaffney*, 3 Colo. 351, 366; *Rose v. Dunklee*, 12 Colo. App. 403, 414.

It is further contended that appellee Robinson, having accepted the deed containing the "liquor clause," held out to subsequent purchasers that the clause should be observed, and that she is estopped by her actions from denying notice of the general plan or scheme and of the covenant in the deeds. Assuming that this contention is correct, this brings us to a discussion of the covenant itself, its force and effect, and a determination of the question whether it was entered into for the benefit of the premises owned by appellants, or for the benefit of appellants.

By its terms the covenant is limited to the land "hereby granted." In this respect it differs widely from covenants which in express terms or by reasonable or necessary implication, give notice that they are intended for the development or improvement of premises within a designated area, or for adjacent lots or neighboring property, as was the case in the New Jersey case, above cited, as indicated by that portion of the covenant which we have italicized.

Again, the parties to the deed stipulate: "for themselves, their heirs, successors and legal representatives," thereby expressly limiting the covenant to the particular persons named, which intention is further manifested by the condition of the forfeiture clause contained in the covenant, to the effect, that

upon condition broken, the premises "shall revert to the party of the first part, its heirs, successors and assigns."

In *Cowell v. Springs Co., supra,* Mr. Justice Field said that the covenant under consideration was a "condition subsequent" upon the breach of which the *Company* could maintain ejectment, clearly negativing the idea that a subsequent grantee could do so, as is insisted by appellants.

In *Mulligan v. Jordan,* 50 N. J. Eq. 363, it is said:

"The right of an owner of a lot to enforce a covenant (to which he is not a party or an assign) restrictive of the use of other lands is dependent on the covenant having been made for the benefit of this lot. * * *

. "The right of grantees from the common grantor to enforce, *inter se,* covenants entered into by each with said grantor· is confined to cases where there has been proof of a general plan or scheme for the improvement of the property and its consequent benefit, and the covenant has been entered into as part of a general plan to be exacted from all purchasers, and to be for the benefit of each purchaser, and the party has bought with reference to such general plan or scheme, and the covenant has entered into the consideration of his purchase."

The opinion in the last above ·cited case was written by Green, V. C., who wrote the opinion in the *De Gray case, supra.*

We think the case at bar clearly falls within the principle announced in the case last above quoted.

The allegations in the amended complaint to the effect, that plaintiffs bought their property in good faith and in the belief that the "liquor clause" was legal and binding, etc., as hereinbefore set forth, do not fill the requirements of the rule that it must ap-

pear that the covenant entered into the consideration of the purchase, especially in view of the fact, that there is no allegation in the pleading to the effect that plaintiffs at the time of their purchase had knowledge, of or relied upon the general plan or scheme alleged in the pleading, or purchased their premises in view of the fact that the "liquor clause" was inserted in said deed in furtherance of and in accordance with such general plan or scheme.

When a third party claims the benefit of a covenant or contract between two other parties, it is certainly incumbent upon him to clearly allege all the facts necessary to establish such claim.

This the appellants have not done in the particulars above pointed out.

We have carefully considered the numerous authorities cited by counsel for appellants, all of which are readily distinguishable from the case at bar.  An analysis of them would unnecessarily prolong this opinion.

The court did not err in sustaining the demurrers to the amended complaint.

The judgment will be affirmed.    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CASWELL concurring.