[No. 3645.]

CARROLL ET AL. V. THE KIT CARSON LAND CO.

1. JUDGMENT—*Record as Evidence.* The record of the judgment is evidence only against the parties to the action.

2. CONVEYANCES—*Unrecorded—Effect.* One holding paramount title by a conveyance not recorded is not affected by a decree given in a cause to which he was not party, quieting title in another, under a treasurer's deed. The plaintiff, in whom title is so quieted is not a "subsequent bona fide purchaser or encumbrancer," within the meaning of the recording act (Rev. Stat., Sec. 694), nor is he in position to avail himself of the provisions of the code relating to the notice of suit pending (Code, Sec. 38), because his title is not derived from the same source.

3. STATUTES—*Construction.* The statute prescribing the effect of an unrecorded conveyance of land, and that providing for a notice of suit pending, are not to be so construed as to include persons not specified. The phrase "purchaser or encumbrancer," in each statute applies only to those claiming from the same source of title with the grantor in the unrecorded conveyance, or from the same source of title as the plaintiff in the cause in which the notice is filed.

*Appeal from Kit Carson District Court.* HON. JOHN W. SHEAFOR, Judge.

Mr. C. H. MILLER and Messrs. ALLEN & WEBSTER, for appellants.

Mr. LOUIS VOGT and Mr. P. B. GODSMAN, for appellee.

MORGAN, J.

This appeal is from a judgment of the Kit Carson district court against the plaintiffs in an action to quiet title to a quarter-section of land. The defendant relied upon two tax deeds, and a decree obtained thereupon in a prior action to quiet title against plaintiffs' grantor, instituted after plaintiffs received their deed from him for the land, but before they recorded it. They were not parties to the suit in which the said decree was obtained, and the default of their grantor was entered therein on service by publication.

The judgment should be reversed. The tax deeds were void, as held by the lower court, when offered in evidence by the defendant. The decree, pleaded, was of no effect as to the plaintiffs here, because they were not parties to that suit, and were not bound by the decree therein made for any other reason. A deed, though not recorded, is valid between the parties to it, and conveys the title absolutely, except that it shall not take effect, as required by our recording act, until filed for record, "as to subsequent *bona fide* purchasers and encumbrancers by mortgage, judgment or otherwise not having notice thereof" (Rev. Stat. 1908, Sec. 694), and except as to the effect such recording act may have upon the statute concerning notice of a suit pending, commonly called "notice of *lis pendens*," which provides that, "Only from the time of filing such notice shall the pendency of the action, suit or proceeding, be constructive notice of the action, suit or proceeding, to a purchaser or encumbrancer of the property described in the complaint, petition or answer."—Code of Civ. Proc., Rev. St. 1908, p. 80, Sec. 38. The defendant does not come within the class of persons protected by these provisions. It was not a subsequent *bona fide* purchaser or encumbrancer under the recording act, nor was it in a position, under the prior suit in which the decree, pleaded, was

made, to profit by plaintiffs' failure to record their deed. These statutes should not be strained nor extended beyond the legislative intent or the words used, so as to include anything not therein specified. Even if the recording act, Sec. 694, *supra,* were broad enough to include, or if it had contained, in addition to purchasers and encumbrancers, persons instituting actions and filing notice of suit pending, it would not, even then, avail the defendant, plaintiff in the prior suit, anything, because it did not obtain title from the same grantor, as distinctly pointed out in the following authorities.

The defendant here, as plaintiff in the prior suit, claimed title under a purchase from the county at a tax sale, and the decree, pleaded, was obtained by virtue of such purchase. Its interest was not derived from, nor connected with, the estate conveyed by the unrecorded deed, within the meaning of the exceptions in our recording act.—*Tinsley v. Atlantic Mines Co.,* 20 Colo. App., 61, 77 Pac., 12.

In the case just cited, the court, quoting, said (p. 63):

"A tax title, from its very nature, has nothing to do with the previous chain of title; does not in any way connect itself with it. It is a breaking up of all previous titles. The party holding such title, in proving it, goes no further than his tax deed; the former title can be of no service to him, nor can it prejudice him."

And, defining the effect and purpose of our recording act, our supreme court has said:

"A deed duly recorded is constructive notice of its existence, and of its contents, to all persons claiming what is thereby conveyed under the same grantor by subsequent purchase or mortgage, but not to other persons.—3 Wash. R. P., 319, Sec. 53. In the case of *Maul v. Rider,* 59 Penn., 167, Sharswood, J., says: 'That the

record of a deed is constructive notice to all the world, is too broad an enunciation of the doctrine. Such record is constructive notice only to those who are bound to search for it as subsequent purchasers and mortgagees, and all others who deal with it on the credit of the title in the line of which the recorded deed belongs.' ''—*Gillett et al. v. Gaffney et al.,* 3 Colo., 366, cited in *Smith v. Russell,* 20 Colo. App., 554, 558, 80 Pac., 474, and in *Judd v. Robinson,* 41 Colo., 222, 229, 92 Pac., 724.

In the case of *Hallett v. Alexander,* 50 Colo., 37, 45, 114 Pac., 490, our supreme court, through Justice White, discussing Section 694, *supra,* said:

"It is claimed the contest here is not between claimants from a common source of title, and that the statute operates, and is intended to operate, only in such cases. We are persuaded that the statute applies only as between claimants from a common source of title."

It was also said by Cooley, J., in *Smith v. Williams,* 44 Mich., 240, 242, 243, 244:

"The defendants below, to show title in themselves, offered in evidence the enrolled record and proceedings in a cause, * * * instituted by Sextus N. Wilcox as complainant against Byron F. Squires as defendant, * * * in which Wilcox claimed title to the land under certain alleged conveyances on sales thereof for delinquent taxes, and prayed the court of chancery to quiet his title as against the claims of Squires. It appeared from the enrollment that Squires was proceeded against as a non-resident; that he was brought in by publication, and did not enter an appearance or file any pleading, and that a decree that the title of Wilcox to the premises be quieted as against any claim of Squires was entered. * * *

"It will be observed that Byron F. Squires alone was made defendant in the chancery suit, and that he

had at the time no title to the land. The decree was that he be thereafter precluded from asserting title, and we are not informed that he does so. Obviously the claim of title which the complainant made was to Squires a matter of indifference, since it could not in any manner affect his interests. The tax titles had accrued after he conveyed, and enforcing them neither took from him anything, nor made him liable upon his covenant. Therefore, if knowledge of the suit had come to him, he would probably have given it no attention, because the result of it could not concern him. The decree as to him might as well have been left unmade.

"It is said, however, that this suit against a party who had no interest to be affected by it, and no occasion to defend it, has been effectual to cut off the right of the party actually concerned, and who probably never heard of it until the decree was presented which was to be conclusive against him. The only reason given for this position is that the plaintiff, by not recording her deed, and suffering Byron F. Squires to appear of record as apparent owner, 'has allowed him to appear to the world as the owner of the land now sought to be recovered by her,' so that 'Squires' day in court was her day, and she must accept the consequences of her own act.' It is, then, upon her failure to place the evidence of her title upon record that this effect of the decree upon her rights is to depend.

"The general rule that a judgment or decree binds those only who are parties to it is not disputed. There are a few well-understood exceptions, of persons who, subsequent to the institution of the suit, have acquired interests or claims under the parties; but the plaintiff was not one of these, for her title had accrued before. If she loses her title, then it must be by force of the recording laws; for independent of these there is no

principle of law that could bind her by the judgment against one whose interest she had acquired long before the suit was instituted.

"But the recording laws could not help the defendants. Those laws point out specifically the danger to which the party failing to record his title is exposed, and the courts cannot extend or add to it.—*Columbia Bank v. Jacobs,* 10 Mich., 349; *Millar v. Babcock,* 29 Mich., 528. The danger is indicated by Sec. 4231 of the Compiled Laws: 'Every conveyance of real estate within this state, hereafter made, which shall not be recorded as provided in this chapter, shall be void as against any subsequent purchaser in good faith, and for a valuable consideration, of the same real estate, or any portion thereof, whose conveyance shall be first duly recorded.' By 'subsequent purchaser' in this section is meant a subsequent purchaser from the same grantor. Mr. Wilcox was not such a purchaser. He does not claim under Squires, but by conveyances from the state which, if valid, should cut off the Squires title altogether."

See also *Hammond v. Paxton,* 58 Mich., 399, 25 N. W., 321, a case decided after the statute was changed omitting the valuable consideration feature of the act. See also *Warnock v. Harlow,* 96 Calif., 298, 31 Pac., 166; 25 Cyc., 1480; *Grant v. Bennett,* 96 Ill., 513.

It is unnecessary to the disposition of this appeal to consider the question raised as to whether the words "subsequent *bona fide* purchasers and encumbrancers," under our recording act, refer only to those who become such for a valuable consideration.

The only benefit that would have been derived in the prior suit in which said decree was made, if plaintiffs' deed had been of record, would have been the knowledge the plaintiffs therein might have obtained, if they had seen the record, that these plaintiffs were

proper parties defendant, but recording is not necessary or required for such purpose. Such record would not have been in any way beneficial to plaintiffs herein, nor would it have precluded the defendant in any way from obtaining any lawful relief. If such record had caused these plaintiffs to be made defendants in that suit, they could have defeated the cause and prevented any decree, because the tax deeds, upon which the decree was rendered, were void, as held by the court in the instant case, when offered in evidence by the defendant herein. Hence, the defendant is complaining of the failure to do a thing, the doing of which would have been perilous to it.

There are opinions from other states having different recording acts, and different provisions in acts requiring notice of suit pending, and rendered under different facts, as, where the two contending titles were derived from and through the same grantor, but they are not opposed to the conclusions reached herein. If the decree relied upon by defendant herein had been entered upon a deed, duly executed and recorded, from, through, or under, the same grantor, named in the plaintiffs' unrecorded deed, it would have then become necessary to decide the question as to whether such a decree would have been a good defense herein, and whether a person, holding an unrecorded deed at the time a suit is brought, and notice of *lis pendens* filed, to quiet title by a third party against the grantor in said unrecorded deed, is a purchaser *pendente lite,* or, as our statute says, *supra,* "from the time of filing such notice" of action pending, but such was not the case, a tax title is not derived from, through, or under, the owner of the property taxed, within the meaning and purview of our recording act.—*Tinsley v. At. Min. Co.,* and cases cited, *supra.*

In the case of *Norton v. Birge,* 35 Conn., 250, and the dissenting opinion of Judge Dickey in the case of *Grant v. Bennett,* 96 Ill., 513, relied upon by appellee, the contending titles were derived from the same grantor. And in the cases of *Collingwood v. Brown,* 106 N. C., 362, 10 S. E., 868, and *Hoyt v. Jones,* 31 Wis., 389, the contending titles were from the same grantor, and the statutes of North Carolina and of Wisconsin, as quoted in appellee's brief, concerning *lis pendens,* provide that a person holding a conveyance, "subsequently executed, or subsequently *registered,* shall be bound by the proceedings," the same as if made a party.

The Maine and Kansas cases, and some others, cited by appellee, are not in point, because those states have statutes that provide that an unrecorded deed is *void* as to *all other persons* than the parties thereto and those with notice thereof, thus rendering the unrecorded deed under consideration *void,* under those statutes, as to this defendant, because the defendant comes within the class of *all other persons;* while, under our statute, an unrecorded deed is *valid* as to *all other persons* than subsequent purchasers, etc., without notice, thus rendering the unrecorded deed under consideration *valid,* under our statute, as to the defendant, because it comes within the class of *all other persons,* and does not come within the exception.

*Bennett,* in his treatise on the law of *lis pendens,* says, Sec. 294:

"As we have seen, most of the recording acts declare what legal effect shall be given to recording or registration, but in some of the states it is left to the courts to declare what effect shall be given to the registration or record of recordable instruments. Most of the statutes declare that conveyances shall be valid between the parties thereto and those acquiring knowledge of their exist-

ence, whether recorded or not. Such would clearly be the law were the statute silent on the subject.

"Upon the question as to whether other classes than those who are *bona fide* purchasers without notice shall be protected against unrecorded instruments, the statutes themselves, as we have seen, vary, and the decisions of the courts in the various states, as we would naturally suppose, also vary."

The judgment of the lower court is therefore reversed, and the case remanded, with directions to enter judgment for the plaintiffs, quieting their title, setting aside the tax deeds relied upon by defendants, and letting the judgment say that the decree, pleaded, is of no effect as to plaintiffs' title, upon the payment by the plaintiffs to the defendant of such taxes, penalties, value of improvements, if any, etc., required by statute, Sec. 5733, Rev. St. 1908, in reference to the recovery of land sold for taxes, the amount of which to be determined by further proof in this action, or by stipulation, as the court may be advised.

*Reversed.*