[No. 3731.]

## BRACKETT v. McCLURE ET AL.

1. TAX TITLES—*Void Deed.* A tax deed fair upon its face may be invalidated by evidence *aliunde*, e. g., that the land was assessed as a quarter section, and was sold in separate forty-acre tracts; or that no proper affidavit of the posting of the notice of sale, as required by statute (Rev. Stat., sec. 5708), was filed.

2. JUDGMENT—*Who Concluded.* A decree quieting title to lands is without effect as to those who were not parties to the cause, nor claiming under those named as defendants therein.

3. QUIETING TITLE—*Unknown Persons.* It seems that unknown persons may, under the code (sec. 50), be made parties to a suit to. quiet the title to lands, and may be concluded by the decree therein.

4. —— *Disclaimer of Sole Defendant*, charges the plaintiff with notice of the absence of the necessary parties, and puts him upon inquiry.

5. CONVEYANCE—*Construed.* Certain lands situate in Logan county were in question. They were granted to the Union Pacific *Railway* Company by letters patent Feb. 26th, A. D. 1897. The action being an equitable one to remove a cloud upon the title, the defendant relied upon a decree against the Union Pacific *Railway* Company quieting title thereto; and, to show title in that company, he produced a deed executed to the Union Pacific *Railroad* Company by a master in chancery under the foreclosure of a sinking fund mortgage, describing the lands conveyed as "all the lands in parcel two, as in said decree defined situate, etc., and not heretofore sold and conveyed by the Union Pacific *Railroad* Company * * * and not released by the trustee of said sinking fund mortgage." What lands were included in "parcel two" was not shown, and it appeared that, in fact, years prior to the master's deed, the Union Pacific *Railway* Company had conveyed the

land in question to the ancestor of plaintiff, and the trustee of the mortgage had united therein, releasing the mortgage. *Held* that the master's deed, by its express terms, excluded the lands in controversy.

6. —— *Not of Record—Bona Fide Purchaser.* One claiming lands under a tax title, and a decree quieting the title against a former owner who had previously conveyed the lands by deed not of record, is not a bona fide purchaser within Revised Statutes, sec. 694.

*Appeal from Logan District Court.* Hon. H. P. BURKE, Judge.

Mr. R. H. GILMORE, for appellant.

Messrs. MUNSON & MUNSON, for appellees.

KING, J., delivered the opinion of the court.

The judgment under consideration on the appeal herein was rendered by the district court in and for the county of Logan in favor of plaintiffs on their complaint in the nature of bill in equity to remove cloud from, and quiet title to, a quarter-section of land in that county, of which the plaintiffs claimed to be the owners in fee simple. The defendant relied upon a treasurer's tax deed and a decree of the county court of said county whereby the title of appellant's grantor purported to be quieted as against the Union Pacific Railroad Company in a suit instituted and culminating in said decree after the deed under which plaintiffs' claim was executed and delivered, but before it was recorded. Plaintiffs claim by descent from and as heirs of James C. McClure, deceased. Neither the said James C. McClure nor any of the plaintiffs herein was a party to said suit to quiet title. The Union Pacific Railroad Company was the only party defendant thereto.

The tax deed was admitted to be fair on its face, but was properly held to be void for reasons *aliunde*, to-wit, because the quarter-section had been assessed as an entirety, but was offered and sold in separate forty-acre

tracts, and for the reason that no proper affidavit of post-ing of the list and notice by the county treasurer was made and filed as required by law.

The plaintiffs herein were not bound nor affected by the decree pleaded, because they were not parties, nor was their ancestor, through whom they claimed, a party to that suit; nor does it appear that any attempt was made to secure jurisdiction and foreclose the rights of persons whose names or interests were unknown to the plaintiffs as provided for in section 50, Civ. Code, R. S., 1908, section 44, Mills' Ann. Code; nor was it made to ap-pear in this proceeding that the Union Pacific Railroad Company had any interest in the land at the time of the institution of said suit, or subsequent thereto. The gov-ernment patent for said lands was issued to the Union Pacific *Railway* Company under date of February 26, 1897, and recorded March 27th of the same year. A deed from the Union Pacific Railway Company to James C. McClure, plaintiffs' ancestor, dated June 12, 1894, re-corded June 18, 1909, about the time of the commence-ment of this suit, was in evidence. Appellant contends that the Union Pacific Railroad Company acquired title to said lands by virtue of a sale under foreclosure of a sinking fund mortgage deed executed by the Union Pacific Railroad Company, dated December 18, 1873, and re-corded prior to the execution of plaintiffs' deed from said railway company, and which was foreclosed after the execution and delivery of plaintiffs' deed, and before its record, at which sale the Union Pacific Railroad Company was a purchaser, and its deed pursuant to such sale was recorded *May 9, 1899;* that said Union Pacific Railroad Company was, at the time of the institution of the suit to quiet title, the only record owner of said premises, and that neither the appellant herein nor any of his grantors had knowledge of the rights or claims of the plaintiffs herein or their ancestor. Appellant's contention that the

Union Pacific Railroad Company was the record owner
of, or had any interest in, the land at the time of suit to
quiet title is not sustained by the record. The deed from
the master in chancery by which certain real estate was
conveyed to the railroad company does not convey the
land in dispute in terms of particular description, nor in
general terms from which it can be determined, or even
inferred, that an attempt was made to convey it. The
general description of the land conveyed by the deed is
"all and singular the lands, land rights and other prop-
erty embraced in Parcel Two, as in said decree defined,
situated in the County of Logan, State of Colorado, *and
not heretofore sold and conveyed* to purchasers thereof
by The Union Pacific Railroad Company or its successor
The Union Pacific Railway Company, and not released
by the Trustee of said Sinking Fund Mortgage from the
lien thereof." There is no evidence as to what lands
were "embraced in Parcel Two." The deed from the
railway company to James C. McClure conveyed the land
in dispute, and, being joined in by the trustee of the sink-
ing fund mortgage, released the land from the mortgage
lien, so that the master's deed, *ex vi termini,* excluded the
lands in question, and the appellant herein and his gran-
tors were charged with notice of such exclusion by the
terms of the very deed under which they claim protec-
tion. They were further charged with notice by the dis-
claimer of the Union Pacific Railroad Company entered
in the suit to quiet title, and if they had made such in-
quiry of the railroad company or the railway company as
the nature of such notice would suggest, they might have
discovered not only the fact of the sale and conveyance
by the railway company to McClure, but also his place of
residence, or, failing to acquire such information, the ex-
ercise of due prudence would require compliance with
those provisions of the code by which jurisdiction could
have been obtained of the person or persons whose names

or place of residence and postoffice address were unknown.

It will not be amiss to call attention to the fact that appellant was permitted to amend his second defense so as to show that the Union Pacific Railroad Company, purchaser of the unsold property at the master's sale, was the Union Pacific Railroad Company, *a Utah corporation,* as distinguished from the Union Pacific Railroad Company (the mortgagor), *incorporated under an act of congress.* It is wholly immaterial as to the merits of the case. No such distinction is made in the decree to quiet title, relied on by defendant. This serves to explain an apparent anomaly, as, without such explanation, it would seem that the mortgagor in the sinking fund mortgage became the purchaser at the foreclosure sale.

The appellant and his grantors, claimants under the tax title and under the decree to quiet title, were not *bona fide* purchasers or encumbrancers of said land within the contemplation and protection of the recording act, namely, section 694, R. S. 1908. This phase of the case is so fully and ably presented by Judge Morgan in *Carroll et al. v. Kit Carson Land Co.,* 24 Colo. App., 217, 133 Pac., 148, as to require no further notice here.

The judgment of the lower court will be affirmed.

*Affirmed.*