King, J.,
delivered the opinion of the court.
The judgment under consideration on the appeal herein was rendered by the district court in and for the county of Logan in favor of plaintiffs on their complaint in the nature of bill in equity to remove cloud from, and quiet title to, a quarter-section of land in that county, of which the plaintiffs claimed to be the owners in fee simple. The defendant relied upon a treasurer’s tax deed and a decree of the county court of said county whereby the title of appellant’s grantor purported to be quieted as against the Union Pacific Railroad Company in a suit instituted and culminating in said decree after the deed under which plaintiffs ’ claim was executed and delivered, but before it was recorded. Plaintiffs claim by descent from and as heirs of James C. McClure, deceased. Neither the said James C. McClure nor any of the plaintiffs herein was a party to said suit to quiet title. The Union Pacific Railroad Company was the only party defendant thereto. ■
The tax deed was admitted to be fair on its face, but was properly held to be void for- reasons aliunde, to-wit, because the quarter-section had been assessed as an entirety, but was offered and sold in separate forty-acre *526 tracts, and for the reason that no proper affidavit of posting of the list and notice by the county treasurer was made and filed as required by law.
The plaintiffs herein were not bound nor affected by the decree pleaded, because they were not parties, nor was their ancestor, through whom they claimed, a party to that suit; nor does it appear that any attempt was made to secure jurisdiction and foreclose the rights of persons whose names or interests were unknown to the plaintiffs as provided for in section 50, Civ. Code, R. S., 1908, section 44, Mills’ Ann. Code; nor was it made to appear in this proceeding that the Union Pacific Railroad Company had any interest in the land at the time of the institution of said suit, or subsequent thereto. The government patent for said lands was issued to the Union Pacific Raihoay Company under date of February 26, 1897, and recorded March 27th of the same year. A deed from the Union Pacific Railway Company to James C. McClure, plaintiffs’ ancestor, dated June 12, 1894, recorded June 18, 1909, about the time of the commencement of this suit, was in evidence. Appellant contends that the Union Pacific Railroad Company acquired title to said lands by virtue of a sale under foreclosure of a sinking fund mortgage deed executed by the Union Pacific Railroad Company, dated December 18, 1873, and recorded prior to the execution of plaintiffs ’ deed from said railway company, and which was foreclosed after the execution and delivery of plaintiffs’ deed, and before its record, at which sale the Union Pacific Railroad Company was a purchaser, and its deed pursuant to such sale was recorded May 9, 1899; that said Union Pacific Railroad Company was, at the time of the institution of the suit to quiet title, the only record owner of said premises, and that neither the appellant herein nor any of his grantors had knowledge of the rights or claims of the plaintiffs herein or their ancestor. Appellant’s contention that the *527 Union Pacific Railroad Company was the record owner of, or had any interest in, the land at the time of suit to quiet title is not sustained by the record. The deed from the master in chancery by which certain real estate was conveyed to the railroad company does not convey the land in dispute in terms of particular description, nor in general terms from which it can be determined, or even inferred, that an attempt was made to convey it. The general description of the land conveyed by the deed is “all and singular the lands, land rights and other property embraced in Parcel Two, as in said decree defined, situated in the County of Logan, State of Colorado, and not heretofore s'old and conveyed to purchasers thereof by The Union Pacific Railroad Company or its successor The Union Pacific Railway Company, and not released by the Trustee of said Sinking Fund Mortgage from the lien thereof.” There is no evidence as to wliat lands were “embraced in Parcel Two.” The deed from the railway company to James C. McClure conveyed the land in dispute, and,- being joined in by the trustee of the sinking fund mortgage, released the land from the mortgage lien, so that the master’s deed, ex vi termini, excluded the lands- in question, and the appellant herein and his grantors were charged with notice of such exclusion by the terms of the very deed under which they claim protection. They were further charged with notice, by the disclaimer of the Union Pacific Railroad Company entered in the suit to quiet title, and if they had made such inquiry of the railroad company or the railway company as the nature of such notice would suggest, they might have discovered not only the fact of the sale and conveyance by the railway company,to McClure, but also his place of residence, or, failing to acquire such information, the exercise of due prudence would require compliance with those provisions of the code by which jurisdiction could have been obtained of the person or persons whose names *528 or place of residence and postoffice address were unknown.
It will not be amiss to call attention to the fact that appellant was permitted to amend his second defense so as to show that the Union Pacific Railroad Company, purchaser of the unsold property at the master’s sale, was the Union Pacific Railroad Company, a Utah corporation., as distinguished from the Union Pacific Railroad Company (the mortgagor), incorporated under an, act of congress. It is wholly immaterial as to the merits of the case. No such distinction is made in the decree to quiet title, relied on hy defendant. This serves to explain an apparent anomaly, as, without such explanation, it would seem that the mortgagor in the sinking fund mortgage became the purchaser at the foreclosure sale.
The appellant and his grantors, claimants under the tax title and under the decree to quiet title, were not bona fide purchasers or encumbrancers of said land within the contemplation and protection of the recording act, namely, section 694, R..S. 1908. This phase of the case is so fully and ably presented by Judge Morgan in Carroll et al. v. Kit Carson Land Co., 24 Colo. App., 217, 133 Pac., 148, as to require no further notice here.
The judgment of the lower court will be affirmed.

Affirmed.