J. C. YATES, COMPLAINANT, APPELLANT, *v.* R. M. CHAND-
LER, DEFENDANT, APPELLEE.

(*Nashville,* December Term, 1930.)

Opinion filed May 2, 1931.

W. A. KNIGHT and LOGAN BEASLEY, for complainant, appellant.

C. P. HATCHER, for defendant, appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Complainant Yates filed this bill to restrain the cutting of certain timber on an adjoining tract of Duck River bottom land, owned by defendant Chandler. The Chancellor sustained a demurrer and complainant appeals.

The lands owned by the parties were formerly parts of a single tract lying on the east bank of the Duck River. In a division into four tracts made by inter, or cross, deeds executed in 1894, the land now owned by Chandler was conveyed to W. P. Griner, and has passed through different subsequent owners to Chandler. Yates acquired his title through another of the original partition grantees. Neither the deed to Griner, nor any subsequent conveyance in Chandler's chain of title, contains recital of or reference to the alleged servitude, reservation, or covenant against cutting of this timber, relied on by complainant, but each of the original deeds conveying the remaining three tracts lying below the tract conveyed to Griner (now owned by Chandler) made to Mary McDonald, Delia Pool and Martha Peyton, the McDonald and Pool tracts being now owned by complainant Yates, contained the following recital:

"The timber which is on W. P. Griner's land just above the lease is not to be cut off without the consent of the other three heirs."

It is alleged that this timber served to protect the lands lying below along the river from damage from overflow, and an injunction was sought to restrain Chandler from cutting or removing it.

The theory of the bill appears to be that the language quoted above is a covenant running with the land, by which a servitude was established on the lands of Griner and his successors in title in favor of the adjoining landowners.

The demurrer challenged this theory on several grounds,—that the language is too vague and indefinite to be given effect, that the description is inadequate, that if a covenant it does not run with the land, not in terms purporting to bind assigns, that if a covenant, in view of its obviously non-perpetual nature, it is not binding after more than thirty years, and that it not appearing in either the conveyance to Griner, or any subsequent conveyance in Chandler's chain of title, it is without enforcible obligation, or binding effect on Chandler, the present owner.

The decree of the Chancellor must be sustained on the ground, if upon no other, that the chain of title under which the defendant holds his land does not contain any reference to the alleged covenant relied on by complainant, and that the defendant is therefore not chargeable with notice thereof. It is essential, if subsequent purchasers of land are to be bound by a covenant, that the covenant, or notice thereof, shall be recited in some grant of that land. There is no charge that when he acquired his title Chandler had either constructive or actual notice of this alleged covenant. No authority is cited holding a subsequent purchaser of lands liable on a covenant under such conditions. For example, in *Doty*

v. *R. R.,* 103 Tenn., 569, the grant of the right of way to the Railroad on its face recited the obligation relied on for Doty and, of course, carried notice thereof.

Counsel for complainant insist that the conveyance to Griner was part of a partition transaction and that the recitals in the conveyances made contemporaneously to the other partitioners are therefore binding on Griner and his assigns.

It is unnecessary to discuss what would have been the effect, if Griner had acquired his title under a joint or partition deed containing such a recital, since that case is not here presented. The deed to Griner, executed on the 3rd day of October, 1894, and recorded November 14, 1894, is a straight warranty deed "for value received," without any reference whatever, as already stated, to the covenant relied on, and without any reference to other inter, or cross conveyances, or any suggestion on its face that it was part of a partition transaction.

The restrictive language relied on, appearing only in the conveyances of the adjoining lands, in which Griner joined, partakes more of the nature of a personal agreement between the immediate parties, not intended to run with the land. Clearly, if the intention had been to encumber the title of the Griner lands and bind his grantees, reference to the restriction would have been made in the conveyance to him, under which the defendant now holds. The general rule is said to be that "covenants in a deed limiting the use of other land of the grantor adjoining that conveyed is a purely personal covenant." 15 C. J., p. 1220.

As said in *Judd* v. *Robinson,* 41 Colo., 222, 92 Pac., 724, "From the very nature of the case, a covenant restrict-

ing the use of land will not be enforced against a subsequent purchaser without notice, actual or constructive of the covenant." This language is quoted and approved in *Berryman* v. *Hotel Savoy Co.*, 160 Cal., 559, reported and followed by an exhaustive note dealing with the enforcement of restrictive covenants or agreements, in 37 L. R. A. (N. S.), pp. 5 & 12.

In Ann. Cas., 1917E, 486, the case of *Glorieux, et al.* v. *Lighthipe, et al.*, 88 N. J. Law, 199, is reported and fully annotated. In the opinion in that case it is said that:

"A purchaser may well be held bound to examine or neglect at his peril, the record of the conveyances under which he claims, but it would impose an intolerable burden to compel him to examine all conveyances made by every one in his chain of title."

The note reads:

"It is the general rule that the record of an instrument out of the line of title is not constructive notice of the contents of the instrument, or in other words, the record of an instrument is notice only to those persons who are compelled to deraign title through it." Citing, *Abbott* v. *Parker*, 103 Ark., 425, 147 S. W., 70; *Moore* v. *Morris*, 118 Ark., 516, 177 S. W. 6; *Thorpe* v. *Helmer*, 275 Ill., 86, 113 N. E., 954; *Marshall* v. *Hill*, 246 Mo. 1, 151 S. W., 131, and many others.

And again:

"It is generally held that the record of an instrument conveying certain property is not notice of the contents of the instrument to one holding under a conveyance of other property belonging to the same grantor. *Providence Forge Fishing, etc., Club* v. *Gill*, 117 Va., 557, 85 S. E., 464. And see the reported case. See also, *Thompson* v. *Cole* (Tex.), 126 S. W., 923."

While it is held that restrictive covenants may be enforced by persons not parties thereto, as where a vendor, instead of imposing the burden on the property sold for the benefit of that retained, reverses the servitude, laying the restriction on the land retained for the benefit of that sold, the element of notice is invariably present. A grantee of the covenantee may enforce the same against a grantee of the covenantor who has taken with notice, but we find no case in which this relief has been granted, either at law or in equity, where both actual and constructive notice to the grantee of the covenantor were lacking.

The decree is affirmed.