ALEXANDER VS. McCAULEY.

The purchase of land, entered as swamp land, by the assignment of the certifi-
cate of purchase and acceptance of a quit claim deed, is a sufficient consideration
for such price as the purchaser may agree to give for the land; and where no repre-
sentations are made as to the title by the vendor, the remedy of the vendee for defects
of title must rest upon covenants in his deed, and if there be no covenants, that
does not give him the right to resist payment of the purchase money.

The assignor of a certificate of purchase of swamp lands, if his assignment contains
no warranty of title, is a competent witness in favor of his assignee in a suit by
him to recover the purchase money on a sale of such lands to a third person.

*Appeal from Phillips Circuit Court.*

Hon. M. W. ALEXANDER, Circuit Judge.

WATKINS for the appellant.

Mr. Justice FAIRCHILD delivered the opinion of the court.

The appellant, who was the defendant below, pleaded two
pleas to an action of debt founded upon a note to the appellee.
The first was a general plea of no consideration. The second
plea stated that the note was given towards the payment of a
piece of land, to which the plaintiff represented that his wife
had a good swamp land title, whereas the fact was, that the
land was not swamp land, and had, before the entry of the
land under which the wife of the plaintiff claimed it, been en-
tered in the United States Land Office at Helena.

To the second plea the plaintiff replied that at the date of
the note, and purchase of the land by the defendant, the plain-
tiff held the certificate of the swamp land agent at Helena for

the land, which had been issued to Eli. J. Bridges, and by him had been assigned to the plaintiff's wife, while she was a single woman, that the defendant then well knew what title it was that the plaintiff's wife had to the land, and had often applied to the plaintiff, since his marriage, to purchase the land, while knowing what the title was by which the plaintiff held the land, and that at the date of the note the defendant announced himself willing to pay seven hundred dollars for the land, if the plaintiff and his wife would jointly assign and deliver to him the swamp land certificate mentioned, and would also make and deliver unto him a quit claim deed to the land, so as to convey to him such title as they had thereto and no other. And that accordingly, on the 21st December, 1855, the defendant paid a part of the consideration for the land, and delivered his note, now sued, for the residue ; that the plaintiff and his wife did jointly assign the swamp land certificate to the defendant and deliver it to him, and also made, delivered and acknowledged their joint deed of quit claim, which said certificate and deed the defendant then accepted, and declared himself satisfied therewith ; that by virtue thereof the defendant entered into the possession of the land, and is still in peaceable possession of it and its improvements.

The defendant proved that the land had been entered in the United States Land Office, but did not prove any representations to have been made by the plaintiff of the goodness of the title which his wife had to the land under the swamp land entry of Bridges.

The purchase of the land by the defendant from the plaintiff, by the assignment of the certificate, and the acceptance of a quit claim deed, which are shown by the testimony, was a sufficient consideration for such price as the defendant should choose to give. He has not pleaded a defect of title, otherwise than by his plea of no consideration ; and under the second plea, the representations of the plaintiff not being proved, he is not entitled to relief from payment of the note in suit. His remedy for defects of title must rest upon covenants in his deed, and if his

deed have no covenants, that does not give him the right to resist payment of the purchase money of the land. *Hoppes vs. Cheek, Oct. Term* 1860 ; *McDaniel vs. Grace* 15 *Ark*. 487. *Tune vs. Rector* 21 *Ark*. 285.

Bridges was not an interested witness. His assignment contains no warranty of the title passed by the certificate, it implies none. His testimony, so far as it relates to matters not witnessed by the papers about which he testified, is competent. It is legal in its narration of what Alexander said about having bought the land, how much he was to pay, or had paid for it, what sort of a deed he was to have, and that the deed had been executed and delivered.

The legal propositions submitted by the parties present mainly the same questions that are to be gathered from the pleadings, and need not be particularly noticed, as it is evident the defendant could not have been prejudiced by them. Some of them, as those about possession, may be abstract, or may not be, according to the construction put upon the testimony. That construction is of no importance, as it could not change the result of the case. The want of applicability of a legal proposition to a case submitted to the court, is not likely to have effect upon its finding, and is not to be scrutinized as if it were an instruction to the jury upon law, irrelevant to the issue.

We have thoroughly examined the extended argument of the counsel for the appellant, but finding nothing in it to alter the conclusions expressed in this opinion, think it unprofitable to pursue the subject further, and direct an affirmance of the judgment.