## SORRELS v. WARNOCK.

### Opinion delivered February 1, 1915.

1. TITLE—CERTIFICATE FROM STATE—DUTY OF STATE.—Where J. purchased lands from the State and the State issued a certificate showing that fact, J. acquired the equitable title to the lands, and the State held the legal title as trustee, charged with the duty to issue to the purchaser a patent at the proper time, it can not lawfully sell the land to another.

2. VENDOR AND PURCHASER—CERTIFICATE FROM STATE—RIGHTS OF PURCHASER.—The purchaser of land, and his successors, under a certificate from the State, may protect his right to the land by an action of ejectment, or may sell and convey the same.

3. TIMBER—RIGHTS OF HOLDER OF EQUITABLE TITLE.—The owner of the equitable title to land, held under a certificate of purchase from the State, has the right to the timber growing thereon and can not be compelled to pay damages for removing same to the owner of the mere legal title, and the equitable owner may in a suit at law set up such facts as a defense to an action against him for damages for removing the timber.

Appeal from Columbia Circuit Court; *W. E. Patterson,* Judge; reversed.

#### STATEMENT BY THE COURT.

Appellee brought suit against appellant for treble damages for cutting timber from the southwest quarter

of the northeast quarter of section 28, township 16 south, range 22 west, in Columbia County, claiming to be the owner thereof and alleging that the land was wild and unimproved, and that the timber was cut and removed wilfully and without right.

Appellants denied that appellee was the owner of the land and that they had cut any timber therefrom wilfully and without right, and that they had cut timber of the value alleged. The jury returned a verdict for the plaintiff in the sum of $227.50, and the court thereupon rendered judgment against one of the defendants only, Mrs. Alice Sorrells, from which she appealed.

It appears from the testimony that the land was patented to the State as swamp land, September 28, 1850, that the State thereafter, on September 16, 1873, conveyed it, with other lands, by a deed of the Governor to W. C. Sheldon, as trustee for Jno. D. Alexander, Alexander McDonald, B. D. Williams and himself. This deed recites that the Land Commissioner granted his certificate dated June 6, 1872, in favor of B. D. Williams for lands described, including the tract herein; that Williams on the 12th day of December, 1873, assigned said certificate to said Sheldon as trustee. This deed also recites that the Commissioner of State Lands certified on the 16th day of December, 1873, the lands had been confirmed to the State. B. D. Williams and Alexander McDonald granted the lands by a quitclaim deed to C. B. Myers, acknowledged in April, 1900. C. B. Myers conveyed the land by a quitclaim deed to Geo. R. Sheldon and William C. Sheldon, deceased, by a deed on the 24th of July, 1900. Copy of the probated will of Wm. C. Sheldon was also introduced in evidence. It was dated the 10th day of March, 1889, and probated the 10th day of March, 1896, in Delaware County, New York, as a will valid to pass real and personal property.

George Randall Sheldon and Wm. C. Sheldon, Jr., were appointed executors of the will and given power to lease, sell, convey or mortgage any and all real estate of the testator, none of which was described. The executors

transferred this land by a quitclaim deed to C. W. Mc-Kay, A. A. Reed and Edwin T. Hicks, on June 30, 1905, who conveyed one-fourth undivided interest to Mr. Warnock by deed July 25, 1905, and the said Hicks and C. W. McKay on January 1, 1906, conveyed a half interest to said Warnock and A. A. Reed an undivided one-fourth interest on October 22, 1906, the last two deeds not being recorded.

The defendant introduced an exemplified copy of the records of the State Land Office, showing these lands were sold by the State by a certificate issued therefor to Thos. J. Jarnigan in 1862, who conveyed them to W. F. Dodson by deed of December 3, 1864. They were afterward conveyed by a deed from Bernard W. Duffer and wife to Nathan Franks, on December 19, 1883, who conveyed them to R. L. Emerson, appellant's father by a deed of April 6, 1888, recorded April 17, of that year.

The testimony tends also to show that the appellant, acting for himself and sisters, the heirs of R. L. Emerson, deceased, sold the timber on this tract of land, which was removed by the purchasers.

A witness testified that the tax records of Columbia County show that the taxes had been paid on the lands by W. C. Sheldon, from 1884 to 1904. W. C. Sheldon, the grantee in the deed from the State, died on the 28th day of January, 1896, as shown by the probate of his will. Appellant exhibited tax receipts, showing the payment of the taxes by her father and herself for the six of seven years, including 1912, but not in succession.

The court instructed the jury over appellant's objection that if they found from the testimony that the timber was sold by appellants on the land described, and cut and removed therefrom, under the contract of sale, it should find for the plaintiff, and refused to instruct the jury at appellant's request that they must find from a preponderance of the evidence that appellee was the owner of the tract of land described before they could find a verdict for him.

*Stevens & Stevens,* for appellant.

1. The deed to appellee was not signed in accordance with the statute. Gantt's Dig., § 3967; 13 Cyc. 557; 10 Enc. Ev. 897-8.

2. There is no description of any land in the deed. When State land is sold and certificate of purchase issued, a subsequent purchaser gets no title. 24 Ark. 431; 36 *Id.* 334; 85 *Id.* 584; 44 *Id.* 452.

3. The deed imposed no duty on Sheldon. He merely held the legal title and was a simple, passive, dry and naked trustee. 39 Cyc. 30; 1 Tiffany, Real Prop., § 95; 84 S. W. 737; 50 *Id.* 439. The legal title immediately under the statute of uses, vested in the beneficiaries. 25 L. R. A. (N. S.) 424; 81 S. W. 162; 66 L. R. A. 408; 76 Am. Dec. 624; 46 S. W. 362; 101 U. S. 782; 25 C. C. A. 97.

4. The deed to Myers was not acknowledged. Kirby's Dig., § 756. No authority to convey for McDonald was shown. 22 Ark. 136; 20 *Id.* 508; Kirby's Dig., § 753; 38 Ark. 181; 45 *Id.* 309; 41 *Id.* 363; 13 Cyc. 657, 611. The alleged will was not introduced in evidence. 45 Ark. 309.

5. The will of Sheldon was improperly admitted. There is no authentication of the record. Kirby's Dig., page 187; *Ib.,* § 8033; Warvell on Abst., § 416; 29 Ark. 418.

*Gaughan & Sifford* and *C. W. McKay,* for appellee.

1. There is no issue here as to appellee's title; it is not denied. No objection was made to the introduction of the deed from Governor Baxter. He signed it and that is sufficient to convey the legal title. 13 Cyc. 557. No words of inheritance are necessary. 39 Cyc. 210, 219; 61 S. E. 410.

2. Under our laws every interest and right, legal and equitable, are inheritable, and descendable. 15 Ark. 555; Kirby's Digest, § § 2654-5, 8049.

3. Unimproved and unenclosed lands are held to be in *possession* of the person who pays taxes, etc. Kirby's Dig., § 5057. The deeds to Sheldon gave *color of title.* This is sufficient. 96 Ark. 6; 74 *Id.* 304; 80 *Id.* 75.

KIRBY, J., (after stating the facts). Appellee's right to maintain the action was based upon his ownership of the land, which was denied by the answer, and the court erred in not giving said instruction requested by appellant and in giving said instruction requested by appellee. Appellee deraigned his title through a grant from the State, of date December 16, 1873, and appellant showed the lands had been purchased from the State by Thos. J. Jarnigan, and a certificate issued therefor in 1862. That Jarnigan conveyed the lands to others and that they had been finally conveyed to her father, from whom she and the other defendants inherited. A complete chain of title was not shown.

(1) Appellee's right to recover, however, rested upon the strength of his own title, since he had no possession of the lands from which the timber was taken. *Price* v. *Greer,* 76 Ark. 426. The land was purchased from the State by Jarnigan in 1862, and certificate issued therefor showing such fact. Jarnigan thereby acquired the equitable title to the lands and thereafter the State was but a naked trustee of the legal title, charged with the simple duty to issue him a patent at the proper time, and could not lawfully sell it to another. *Hibben* v. *Malone,* 85 Ark. 587; *Coleman* v. *Hill,* 44 Ark. 452.

(2) The purchaser under the certificate from the State, and his successors could protect his right to the land by an action of ejectment or sell and convey the same. *Alexander* v. *McCauley,* 22 Ark. 553; *Coleman* v. *Hill,* 44 Ark. 452; *Smithee* v. *Mosely,* 31 Ark. 426; *Brummett* v. *Pearle,* 36 Ark. 472; *Chowning* v. *Stanfield,* 49 Ark. 87; Kirby's Digest, § 2741.

(3) The owner of the equitable title to the land had the right to the timber growing thereon and could not be compelled to pay damages for removing same, to the owner merely of the naked legal title, and had the right in a suit at law to set up the fact as a defense to such action. There is some testimony tending to show that appellee's grantors had paid the taxes upon the lands which were wild and unimproved for more than seven

years, under color of title, three of the payments being after the approval of the statute of 1899. Kirby's Digest, § 5057. No title was acquired thereby, however, although a witness stated that an examination of the tax books disclosed that W. C. Sheldon paid the taxes from 1884 until 1904. Wm. C. Sheldon, the grantee trustee in the deed from the State, died in 1896, and the taxes could not, of course, have been paid by him thereafter, and if they were paid by W. C. Sheldon, Jr., a devisee in the will and one of the executors thereof, who made the deed conveying the lands to the grantors of Warnock, he had no color of title thereto at the time of paying the taxes after the death of said W. C. Sheldon, for the will contains no description of any lands and did not constitute color of title. The court erred, therefore, in instructing the jury that they should render a verdict for appellee, if they found from a preponderance of the testimony that appellants removed the timber from the land without requiring it to first find that the land belonged to him.

For the error in refusing said instruction the judgment is reversed and the cause remanded for a new trial.