BARKER *v.* SAWYER.

4-8420                                                    208 S. W. 2d 167

Opinion delivered February 9, 1948.

*Ross Robley* and *Elmer Schoggen,* for appellant.

*E. R. Parham,* for appellee.

ROBINS, J. Appellants, in January, 1945, purchased 160 acres in. Pulaski county, the deed conveying said land to them being executed on January 29, 1945, by J. R. Sawyer and wife and E. B. Lambert and wife. In June, 1946, appellee, Capital City Lumber Company, entered these lands and cut and removed certain timber therefrom.

This suit was instituted by appellants in the lower court against appellees to recover the value of the timber and other damage to the land said to have been inflicted by appellee, Capital City Lumber Company. By an amendment to their complaint appellants alleged that the cutting of the timber was willful and unlawful and asked for treble damages.

Appellee, Capital City Lumber Company, in its answer, admitted appellants' ownership of the land, but alleged that appellee, Capital City Lumber Company, was the owner of the timber thereon by virtue of two deeds—one dated December 12, 1942, and the other dated July 18, 1944—executed to said appellee by J. B. Sawyer and Marie Sawyer; and, though these deeds were not filed for record until December 22, 1945, said appellee alleged that appellants had actual notice of the prior sale of the timber to said appellee.

The lower court, after one of the appellants and the real estate dealer who negotiated the trade had testified, stopped the trial and gave a peremptory instruction in favor of appellee, Capital City Lumber Company. A non-suit was taken as to other defendants.

From judgment entered on the instructed verdict appellants prosecute this appeal.

The testimony showed that on January 20, 1945, appellants and Sawyer executed a written "Agreement and Purchase of Sale," covering the 160-acre tract, at

the office of a Little Rock real estate agency, and at the same time appellants paid $1,500 in cash, agreeing to execute interest bearing notes for the balance of $2,500.

This agreement contained no reference to a prior sale of the timber, and the real estate agent testified that, when he effected the trade and had the parties sign the contract, he had no knowledge of the prior sale of the timber, and for that reason no reference to such a sale was made in the agreement.

Appellant, Wilford Barker, testified that a day or two after he signed the contract and made the $1,500 payment on the purchase money he and his wife moved out on the land, and while he and Sawyer were then going over the farm Sawyer, for the first time, told him that the timber had been previously sold.

The lower court took the position that, since appellants admitted receiving information about the sale of the timber before the purchase was finally consummated by delivery and acceptance of the deed, appellants had no cause of action for the cutting and removal of the timber. The lower court erred in this conclusion. Appellants, according to the testimony, before being advised as to the sale of the timber, had made a binding contract to purchase the land and this contract bound the owners to convey it to appellants on the terms set forth therein. A substantial part of the consideration had already been paid by appellants to the parties who had record title and who were in actual possession.

When they paid the installment of purchase money and obtained the written contract evidencing the sale, appellants, as shown by the evidence, had no notice, actual or constructive, of the rights of the lumber company. Upon execution and delivery of the contract, and payment of part of the purchase money, appellants' rights as vendees of the land became vested, and completion of the transaction by execution and delivery of the deed could have been compelled by appellants through proper legal proceedings.

In the case of *Roach* v. *Richardson,* 84 Ark. 37, 104 S. W. 538, we said that a vendee under a bond for title has such title to the land described therein as is descendible by inheritance; and we held in the case of *Sorrels* v. *Warnock,* 116 Ark. 496, 173 S. W. 417, that one who had equitable title to land was entitled to the timber thereon. "An unrecorded timber deed, although executed before a second sale of the land by the grantor, is not good as against an innocent purchaser of the land, for value and without notice." *Bunch* v. *Pittman* (Headnote 1), 123 Ark. 127, 184 S. W. 850.

Notice of the claim of the lumber company under its unrecorded timber deeds, received after appellants became the equitable owners of the land, was not sufficient to divest appellants of the interest in the land and the timber which they had acquired and partially paid for; nor were appellants required, on account of such information, to seek cancellation of a bargain they had made in good faith and without any knowledge of said appellee's claim.

The lower court erred in withdrawing the case from the jury; and for this error the judgment of the lower court is reversed and the cause remanded with directions to grant a new trial to appellants; and for further proceedings not inconsistent with this opinion.