FRANCES E. STRONG, Appellant, v. WHY-BARK et al.

Division One, May 29, 1907.

1. **CONVEYANCES: Record: Subsequent Grantee: Quitclaim Deed: Consideration.** Hayden in 1861, by warranty deed, for an expressed consideration of $640, conveyed land to Moore, and that deed was recorded in 1874; and in 1863 Hayden, by quitclaim deed, and for a recited consideration of "natural love and affection and five dollars, the receipt of which is hereby acknowledged," conveyed the same land to Josephine Hayden, and that deed was recorded in 1868. The land was wild and is not in the actual possession of anyone. There was no evidence that Josephine had any notice or actual knowledge of the prior deed to Moore, nor is there any evidence of fraud or collusion between her and the grantor. *Held,* that Josephine took the title.

2. ———: **Consideration.** It is not necessary that the consideration for a deed be adequate in value. Although small or

Strong v. Whybark.

even nominal, in the absence of fraud, it is sufficient to support a contract entered into upon the faith of it. Five dollars or any other stated sum of money is a valuable consideration.

3. **CONVEYANCES: Quitclaim Deed: Notice.** The rule that a quitclaim deed is notice of pre-existing equities and that the grantee and those who claim under the grantee took with notice that the grantee's title was questionable, has no application where the grantee in the quitclaim acquired the title for value and without notice of the former unrecorded deed.

4. ——: ——: ——: **Adequate Consideration.** Where the controversy is between the grantee of a duly recorded deed and the grantee of a prior unrecorded deed from the same grantor, the consideration for the latter must be such as the law denominates a valuable consideration as distinguishable from a good consideration. But that rule is not to be extended to mean that the purchaser under the recorded deed must have paid a full and adequate consideration.

5. ——: **Inadequate Consideration: Fraud.** In the absence of fraud, the inadequacy of the consideration paid cannot be shown against a recital of consideration, for the purpose of defeating the operative words of the deed.

6. ——: **Fraud.** Unless the pleadings charge that the grantee in the quitclaim deed which expressed a nominal consideration, by fraud procured the deed from the grantor, the issue of fraud is not in the case. Fraud must be both alleged and proved.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED AND REMANDED.

*James G. Strong* and *E. R. Lentz* for appellant.

(1) A purchaser for value by a quitclaim deed is as much within the protection of the recording acts as is a purchaser by warranty deed. And he acquires the title as against a prior unrecorded deed of which he did not have actual notice. Fox v. Hall, 74 Mo. 315; Boogher v. Neece, 75 Mo. 383; Willingham v. Hardin, 75 Mo. 429; Munson v. Ensor, 94 Mo. 504; Ebersole v. Rankin, 102 Mo. 428; Elliott v. Buffington, 149 Mo. 676. (2) A valuable consideration is defined as being either

money or something that is worth money. 2 Washburn on Real Prop. (4 Ed.), p. 394; 1 Chitty on Contracts (11 Am. Ed.), 27. (3) It is not necessary that the consideration should be adequate in point of value. 1 Chitty on Cont. (11 Am. Ed.), p. 29; Forbs v. Railroad, 107 Mo. App. 661; Marks v. Bank, 8 Mo. 319; Brownlow v. Wollard, 66 Mo. App. 636; Ridenbaugh v. Young, 145 Mo. 280; Anderson v. Gaines, 156 Mo. 664; Green v. Higham, 161 Mo. 333; 2 Washburn on Real Prop. (4 Ed.), 370; Lancaster v. Elliott, 55 Mo. App. 249; Columbia, etc., Co. v. Am. Elec. Co., 64 Mo. App. 115. (4) Measured by the foregoing rules the payment of five dollars and the acknowledgment of the receipt thereof, recited in the deed from Hayden to Hayden, was a valuable consideration. The recital of this consideration in the deed is conclusive that some consideration passed. Jackson v. Railroad, 54 Mo. App. 636. The want of consideration cannot be shown against a recital of a consideration for the purpose of defeating the operative words of the deed. Bobb v. Bobb, 89 Mo. 411; McConnell v. Brayner, 63 Mo. 464; Hollocher v. Hollocher, 62 Mo. 274; Henderson v. Henderson, 13 Mo. 152; McCrea v. Purmont, 16 Wend. 475; Farrington v. Barr, 36 N. H. 86; Kimball v. Walker, 30 Ill. 511. (5) The evidence conclusively shows that there was some valuable consideration paid for the deed from Hayden to Hayden. This consideration will support the deed. Whether it was adequate is immaterial. Courts will not undertake to inquire into the adequacy of consideration. And especially so in the absence of any allegation of fraud or wrongdoing. German v. Gilbert, 83 Mo. App. 411; Hill v. Railroad, 82 Mo. App. 188.

*William N. Barron* for respondents.

(1) A quitclaim deed, obtained for a merely nominal consideration, will not be permitted to be the

means of taking land from the real owner because and only because his prior deed was not recorded. Payment of substantial and not merely nominal value is necessary to constitute a subsequent purchaser a purchaser for value or defeat a prior conveyance, though the latter be not recorded. Aubuchon v. Bender, 44 Mo. 564; Maupin v. Emmons, 47 Mo. 306; Campbell v. Laclede Gas Co., 84 Mo. 365; Munson v. Ensor, 94 Mo. 509; Elliott v. Buffington, 149 Mo. 676; Turner v. Howard, 42 N. Y. S. 337; Am. Mortg. Co. v. Hutchinson, 19 Or. 349; Hume v. Franzen, 73 Iowa 75; Snowden v. Tyler, 21 Neb. 216; Collins v. Davis, 132 N. C. 106; Mackay v. Gabel, 117 Fed. 873; Moelle v. Sherwood, 148 U. S. 21; Life Ins. Co. v. Smith, 117 Mo. 293; 23 Am. and Eng. Ency. Law (2 Ed.), 487, 512. (2) A recital in the quitclaim deed itself of payment of a consideration is not evidence thereof as against the respondent—a stranger to the instrument. Such recital is evidence only as between the parties to the deed and persons claiming under or through them. Life Ins. Co. v. Smith, 117 Mo. 293; Hogdon v. Green, 56 Iowa 733; Rush v. Mitchell, 71 Iowa 333; Hume v. Franzen, 73 Iowa 25; Railroad v. Railroad, 88 N. W. 1084.

WOODSON, J.—This is a bill in equity, instituted in the circuit court of Butler county, wherein plaintiff seeks to have her title quieted to five hundred and twenty acres of land. John R. Boyden was one of the several defendants named in the bill. He filed an answer claiming an interest in and to one hundred and sixty acres of said land, and also denied generally the allegations of the bill. No point is made against the pleadings, and he is the only defendant whose interest is involved in this appeal.

The facts in the case are undisputed and are as follows:

Seth D. Hayden was the common source of title, and on March 6, 1861, by his warranty deed, for a recited consideration in the deed of six hundred and forty dollars, conveyed said land to William A. Moore, and on August 26, 1863, said Hayden, by his quitclaim deed, for a recited consideration of "natural love and affection and five dollars," conveyed the same land to Josephine Hayden. The deed to Hayden was recorded April 11, 1868, and the one to Moore was recorded December 14, 1874.

The plaintiff's title is derived through mesne conveyances from Josephine Hayden, while defendant's title is derived through similar conveyances from William A. Moore. It was admitted that the land was wild and unoccupied. This was all the evidence in the case.

The court found for defendant and rendered judgment for him. The plaintiff in due time filed his motion for a new trial, which was overruled by the court, and to the action of the court in overruling said motion the plaintiff duly excepted, and has appealed the cause to this court.

I. The sole question involved in this case is, did the subsequently executed quitclaim deed of Seth D. Hayden to Josephine Hayden, dated August 26, 1863, by virtue of its prior recordation, have the force and effect of conveying to her the title to the land in controversy by force and operation of the registry act, and thereby render invalid and inoperative the prior warranty deed made by him to William A. Moore, dated March 6, 1861, but not filed for record until December 14, 1874?

There is no evidence whatever in this record tending to show that Josephine Hayden had any notice or knowledge of the execution of the prior unrecorded warranty deed from Seth D. Hayden to said Moore, at the time he made the quitclaim deed to her, nor is there any evidence of fraud or collusion between Seth D. Hayden and Josephine Hayden. Both William A.

Moore and Josephine Hayden neglected for years to file their deed for record, as provided for by section 923, Revised Statutes 1899, yet the latter filed her deed about six years prior to the time when he filed his.

The statute provides that "no such instrument in writing shall be valid, except as between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the recorder for record." [R. S. 1899, sec. 925.]

According to the provisions of this section, the deed from Hayden to Moore was invalid and conveyed no title to the land in controversy in so far as Josephine Hayden was concerned, because she had no notice of its execution at the time she filed her deed for record. If the exception mentioned in the section just quoted was the only exception or limitation to that statute, then there would be no question as to the title of Josephine Hayden and those claiming under her, but the courts upon principles of equity and justice have repeatedly held that if the subsequent purchaser either had notice of the prior unrecorded deed, or if he was a purchaser without having paid a good and valuable consideration for the land, then he would take nothing by his purchase and deed. [Maupin v. Emmons, 47 Mo. 304; Aubuchon v. Bender, 44 Mo. 560.] The question now presents itself is, was Josephine Hayden a purchaser of the land in question for a good and valuable consideration? The deed recites that the conveyance was made for and in "consideration of natural love and affection and five dollars to him in hand paid by the party of the second part, the receipt of which is hereby acknowledged."

A valuable consideration is defined to be money or something that is worth money. [2 Washburn on Real Prop. (4 Ed.), p. 394; 1 Chitty on Contracts (11 Am. Ed.), 27.] It is not necessary that the consideration should be adequate in point of value. Although small

or even nominal, in the absence of fraud, it is enough
to support a contract entered into upon the faith of it.
[Forbs v. Railroad, 107 Mo. App. l. c. 674; Marks v.
Bank, 8 Mo. 316; Ridenbaugh v. Young, 145 Mo. l. c.
280; Blaine v. Knapp & Co., 140 Mo. l. c. 251; Anderson
v. Gaines, 156 Mo. 664; Green v. Higham, 161 Mo. 333;
6 Am. and Eng. Ency. Law (2 Ed.), p. 694, par. 5.]
It seems to us that it would be a useless waste of time
and energy to cite authorities in support of the propo-
sition that five dollars or any other stated sum of mon-
ey in excess of one cent, one dime, or one dollar, which
are the technical words used to express nominal con-
siderations, is a valuable consideration within the mean-
ing of the law of conveyancing.

It has been suggested that a quitclaim deed is no-
tice of pre-existing equities, and that those who claim
under Josephine Hayden had notice that her title to
this land was questionable, and that neither she nor
they could defend upon the ground that they were
bona fide purchasers for a valuable consideration with-
out notice of the title of the true owner. [Stivers v.
Horne, 62 Mo. 473; Mann v. Best, 62 Mo 491; Ridge-
way v. Holliday, 59 Mo. 444.]

But the rule last suggested has no application to
a case where the grantee under a subsequent quitclaim
deed from the same grantor acquired the title for value
and without notice of the former unrecorded deed.
[Fox v. Hall, 74 Mo. 315.] "A purchaser for value by
quitclaim deed is as much within the protection of the
registry act as one who becomes a purchaser by a war-
ranty deed." [Munson v. Ensor, 94 Mo. l. c. 509;
Campbell v. Gas Co., 84 Mo. 352; Brown v. Coal Co.,
97 Ill. 214; Elliott v. Buffington, 149 Mo. l. c. 676;
Ebersole v. Rankin, 102 Mo. 488.]

Where the controversy is between the vendee of
a duly recorded deed and the vendee of a prior unre-

corded deed from the same vendor, the settled rule of law in this State seems to be that the consideration in the latter must be such as the law denominates a valuable consideration as distinguished from a good consideration. We know of no case which has gone farther and holds that the purchaser under the recorded deed must have paid a full and adequate consideration for the land.

If fraud is made an issue in the case, then the inadequacy of the consideration paid may be taken into consideration with all the other facts and circumstances in the case for the purpose of establishing fraud; but in the absence of fraud, a want of consideration cannot be shown against a recital of a consideration for the purpose of defeating the operative words of a deed. [Bobb v. Bobb, 89 Mo. 411; Henderson v. Henderson's Exrs., 13 Mo. 151; Hollocher v. Hollocher, 62 Mo. l. c. 273; McConnell v. Brayner, 63 Mo. l. c. 463; McCrea v. Purmort, 16 Wend. 475; Farrington v. Barr, 36 N. H. 86; Kimball v. Walker, 30 Ill. 511.]

In the case at bar, however, there was no evidence introduced tending to prove the recited consideration of five dollars was not in fact paid.

Counsel for defendant, in both his oral and written arguments, contends that Josephine Hayden procured her deed from Seth D. Hayden by fraud. It is a sufficient answer to that to say that no such issue is made by the pleadings in the case; nor was there a word of evidence introduced at the trial tending to establish that fact.

If defendant wished to rely upon fraud as a defense, he should have alleged and proved it. The burden of proving such an issue is upon the defendant. [Jackson v. Wood, 88 Mo. 76; Nauman v. Oberle, 90 Mo. 666; Taylor v. Crockett, 123 Mo. 300.]

It follows from what has been said that the judgment of the circuit court must be reversed, and the cause remanded for a new trial.

All concur.