ARTHUR D. POTTER & another *vs.* AIDEN LAIR FARMS ASSOCIATION.

Franklin.   September 19, 1916. — October 17, 1916.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Evidence,* Unrecorded lease, Of agency.   *Agency,* Existence of relation.   *Landlord and Tenant.*

In an action against a farming corporation for the price of goods sold to a person alleged to have been its agent, where the defendant contends that the person to whom the goods were furnished was its lessee and not its agent, the defendant may put in evidence a lease for more than seven years of its farm, stock and implements to such person, although such lease is not recorded as required by R. L. c. 127, § 4, and therefore is good only between the parties and persons having actual notice of it as affecting the right to the possession of the land.

In an action against a corporation for the price of goods sold to a person alleged to have been its agent, where the agency is denied by the defendant, it is right for the presiding judge to instruct the jury that on the question of agency they should look at the conduct of the parties, especially the conduct of the corporation acting through its officers and agents, to see whether it intended to make the person to whom the goods were sold its agent, and also to explain to the jury that, to hold the defendant, the person who bought the goods must have been its agent by appointment or ratification and that his acts without the knowledge or consent of the defendant did not bind it.

In the case described above, there was evidence that the person to whom the goods were sold told some person other than the plaintiff with whom he was dealing that such person was charging things to him when he should charge them to the defendant, and the record did not show that this statement was untrue. *Held,* that this in itself was no evidence of fraud on the part of the defendant, and that, even if it tended to show that the speaker represented himself to be the agent of the defendant, it did not appear that such representation was made with the defendant's approval or knowledge.

*Held, also,* that the statement above narrated, with the fact that the lease to the alleged agent was not recorded and the fact that such alleged agent had a deposit in a bank in the name of the defendant, were not, taken together, evidence of fraud on the part of the defendant.

CONTRACT for $439.96 as the price of grain sold and delivered according to an account annexed.   Writ dated January 6, 1915.

In the Superior Court the case was tried before *Hall,* J.   It appeared that the defendant was a corporation established for the following purposes: "To raise, produce, cultivate, prepare, buy, sell, manufacture and deal at wholesale and retail in garden and

farm products of all kinds, to raise, purchase, sell and deal in cattle, horses, hogs, poultry and other live stock; to produce, purchase and sell milk, cream, butter, beef, pork, poultry, eggs and all other food products; to manufacture and deal in condensed and all other manufactured forms of milk; to lease, purchase and sell all machinery, apparatus and other articles used in connection with all or any of the purposes aforesaid and generally to do such other business as does not require special authority under the statutes of the Commonwealth of Massachusetts."

George Peabody was the clerk and a director of the defendant. The charges for the grain delivered were made on the plaintiffs' books to George Peabody. In December, 1914, or January, 1915, the account not being paid, the plaintiffs caused the matter to be looked up and procured a report of the incorporation of the Aiden Lair Farms Association. It appeared in evidence that an account was kept at the National Bank in Williamstown in the name of the Aiden Lair Farms Association; that checks were drawn on this account signed by George Peabody personally; that the father of George Peabody was the owner of a majority of the stock in the defendant corporation and that he furnished the money with which some sixty or seventy head of cattle, a number of horses, hogs and hens were purchased and turned over to the defendant; that the Aiden Lair Farms Association was the owner of the stock, tools and fixtures on the farm; that in June, 1913, George Peabody told one of the persons with whom he was doing business other than the plaintiffs, that that person was charging things to him when he should charge them to the Aiden Lair Farms Association; that thereupon the charges were changed on the books of such person to Aiden Lair Farms Association, a bill was rendered in this name and the bill was paid.

The defendant contended that George Peabody was the lessee of the defendant and not its agent, and offered in evidence an unrecorded lease to him of its farm, stock and tools for a term of fifteen years from January 30, 1913, when the lease purported to have been executed. The plaintiffs objected to the admission in evidence of this lease on the ground stated in the opinion. The judge admitted it, subject to the plaintiffs' exception.

The material portions of the judge's charge to the jury are described in the opinion. The plaintiffs excepted to these portions

of the charge. The jury returned a verdict for the defendant; and the plaintiffs alleged exceptions.

The case was submitted on briefs.

*W. A. Davenport & A. S. McLaud,* for the plaintiffs.

*S. G. Tenney,* for the defendant.

CARROLL, J. The plaintiffs sought to recover from the defendant for certain merchandise sold to George Peabody, the clerk and a director of the defendant corporation, who, when the goods were purchased, was the lessee of the farm and all the "equipment, chattels, live stock and personal property," under a lease running from January 30, 1913, to January 30, 1928. The lease was not recorded as required by R. L. c. 127, § 4. The plaintiff contended that Peabody was the defendant's agent. This the, defendant denied and contended that he was its lessee carrying on the business on his own account.

The plaintiffs excepted to the admission of the lease in evidence, for the reason that under R. L. c. 127, § 4, a lease for more than seven years is not valid against any person except the lessor, his heirs or devisees, and persons having actual notice of it, unless it is recorded in the registry of deeds. The defendant had the right to show its relation to Peabody — that he was its lessee and not its agent. The statute did not prohibit it from showing these facts. Between the parties the lease was valid. The purpose of the statute was to protect subsequent purchasers against prior and unrecorded conveyances; it was not passed to protect those who claim no right or title in the premises conveyed by the unrecorded lease. As was said by Morton, J., in *Philadelphia & Reading Coal & Iron Co.* v. *Boston,* 211 Mass. 526, 531, "The object of the statute is to protect those taking title *bona fide* from a prior unrecorded deed or lease of which they have no notice." See *Butrick, petitioner,* 185 Mass. 107, 111; *Anthony* v. *New York, Providence, & Boston Railroad,* 162 Mass. 60, 61. The lease, therefore, was properly admitted in evidence.

We do not think the jury were misled by what the judge said when speaking of the intention of the corporation acting by its officers and agents. Their undisclosed intention was of no importance. It was what was said and done — their speech and conduct — the jury were to pass on in determining whether Peabody was in fact the agent of the corporation or was acting

for himself in conducting the business and in purchasing the merchandise from the plaintiff. The jury were told to look at the conduct of the parties, especially "the conduct of the corporation, to see whether" it ever intended to make him its agent. Neither was there any error in that part of the charge where the intention of Peabody was referred to. It was fully explained to the jury that to hold the defendant he must have been its agent by appointment or ratification, and that his acts without the knowledge or consent of the defendant did not bind it.

There was no evidence of fraud for the jury to pass on and there was no error in charging them to eliminate it from their minds. The mere fact that Peabody told someone other than the plaintiffs, with whom he was dealing, that "they were charging things to him when they should charge them to the Aiden Lair Farms," standing by itself, does not go far enough to impute fraud to the defendant. The record does not show this statement to be untrue. Goods may have been charged to Peabody which should have been charged to the Aiden Lair Farms Association. Even if there were anything before us to show that this remark of Peabody indicated he was the agent of the defendant, it was made without the defendant's approval or knowledge, and could not, standing alone, be relied upon to prove the defendant's fraud. Nor is this circumstance, together with the facts that the lease was not recorded and that Peabody had a deposit in the bank in the name of "Aiden Lair Farms," sufficient to raise a presumption of fraud. No error of law appears.

*Judgment on the verdict.*