No. 23240.

OLA EASTWOOD *v.* MRS. WALTER SHEDD, A/K/A NELL SHEDD.
(442 P.2d 423)

Decided June 17, 1968.

PHILLIPS & GRESHAM, for plaintiff in error.

FOARD, FOUTCH & HUNT, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

WE will refer to the parties as they appeared in the trial court. Defendant in error was the plaintiff there and successfully obtained a judgment and decree quiet-

ing title in her name to certain real property situated in Green Mountain Falls, Colorado. Plaintiff in error, the defendant against whom the quiet title suit was brought, was by the decree deprived of any right or claim to the property.

This is a dispute between two recipients of a gift of property. Both of the parties were grantees of the disputed property by warranty deed from one Cleo Alexander at different times. On December 2, 1958, Mrs. Alexander deeded the property to the defendant who did not record the instrument until October 16, 1964. On October 15, 1963, Mrs. Alexander executed a warranty deed to the property to her daughter — the plaintiff — who recorded it on *October 23, 1963.* Plaintiff had no actual or constructive notice of the deed to defendant until it was placed of record a year after plaintiff had recorded her deed.

 The question presented by this writ of error is strictly one of law, and may be stated as follows:

*IS THE DONEE OF REAL PROPERTY, WHO HAS DULY RECORDED THE INSTRUMENT OF CONVEYANCE, ENTITLED TO THE PROTECTION OF THE PROVISIONS OF C.R.S. 1963, 118-6-9, OF THE COLORADO CONVEYANCING AND RECORDING ACT?*

We answer the question in the affirmative.

Section 118-6-9 was enacted in 1927, and reads as follows:

"All deeds, powers of attorney, agreements or other instruments in writing, conveying, encumbering or affecting the title to real property, certificates and certified copies of orders, judgments and decrees of courts of record may be recorded in the office of the recorder of the county where such real property is situated and no such instrument or document shall be valid as against any class of persons with any kind of rights, except between the parties thereto, and such as have notice thereof, until the same shall be deposited with such recorder. In all cases where by law an instrument may

be filed, the filing thereof with such recorder shall be equivalent to the recording thereof."

In enacting the law of that year, the legislature made a very substantial and significant change in the wording of the recording act as it had existed previously thereto. Stricken from the former act were the words, "shall take effect as to subsequent bona fide purchasers and encumbrancers by mortgage judgment or otherwise not having notice thereof" and substituted therefor were the words, "shall be valid as against any class of persons with any kind of rights."

Notwithstanding this change in the law, defendant argues that a review of all of the recording acts in the United States reveals that in 39 of the states acts specifically protect only bona fide purchasers for value and without notice, *i.e.*, an unrecorded deed is invalid only against such claims. Defendant further argues that in the remaining states with statutes of the same general nature as that of Colorado the courts which have considered the question have also limited the protection of the recording act to bona fide purchasers for value and without notice even though such limitation does not appear in the statute itself. *Waterman v. Buckingham,* 79 Conn. 286, 64 A. 212; *Kruse v. Conklin,* 82 Kan. 358, 108 P. 856; *Hayden v. Russell,* 119 Me. 38, 109 A. 485; *Potter v. Aiden Lair Farms Ass'n,* 225 Mass. 97, 113 N.E. 1035; *Strong v. Whybark,* 204 Mo. 341, 102 S.W. 968; *Whitehead v. Garrett,* 199 Okla. 278, 185 P.2d 686; *Spaulding v. H. E. Fletcher Co.,* 124 Vt. 318, 205 A.2d 556; 45 Am. Jur. *Records and Recording Laws* § 148. Therefore, defendant argues that C.R.S. 1963, 118-6-9, should be construed so as to bring it within the "universal rule that a person must be a bona fide purchaser for value in order to be protected by the recording act * * *."

This matter is one of first impression in Colorado since the 1927 enactment. We believe that the wording of the Colorado statute is unique compared with record-

ing acts in other jurisdictions which limit the protected claims to "bona fide purchasers for value and without notice." See Storke & Sears, *The Perennial Problem of Security and Recordation*, 24 Rocky Mt. L. Rev. 180.

The trial court, aptly we think, labeled the Colorado statute as a "race-notice statute" granting priority to a second grantee only if he takes the instrument without notice of the prior conveyance and gets his instrument recorded ahead of the prior instrument. 6 R. Powell, The Law of Real Property § 913.

Colorado appears to be the only state which broadly protects "any class of persons with any kind of rights." To adopt the argument of the defendant would be to give no recognition to and to rule as inconsequential the the very drastic and substantial amendment to the then existing statute by the state legislature. It appears to us that with full knowledge of the prevailing law with reference to the limitation of protection to subsequent bona fide purchasers for valuable consideration without notice the legislature intentionally removed such limitation from the statute and inserted therein the broad class enumerated therein.

The judgment is affirmed.