481 P.2d 127 (1971)
Max E. PLEW, Plaintiff in Error,
v.
COLORADO LUMBER PRODUCTS, Peter H. Butus, Michiana Realty, Inc., and Michiana Lumber and Supply, Inc., Defendants in Error.
No. 70-309, (Supreme Court No. 23135.)
Colorado Court of Appeals, Div. I.
October 6, 1970.
Rehearing Denied November 10, 1970.
Certiorari Denied March 1, 1971.
*128 Strang, Campbell & Cashen, Montrose, Traylor, Kladder, Harshman & Palo, Charles J. Traylor, Grand Junction, for plaintiff in error.
Haskell, Helmick, Carpenter & Evans, Willis Carpenter, Warner Gerry Imig, Denver, J. A. Hughes, Montrose, for defendants in error.
Selected for Official Publication.
DUFFORD, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and was subsequently transferred to the Court of Appeals under the authority vested in the Supreme Court.
The parties appear here in the same position as they occupied in the trial court. They shall be referred to by identifying name. This appeal arises out of a dispute primarily between Plew and Colorado Lumber Products and concerns their respective rights in certain real property located in Hinsdale County, Colorado.
The property rights of Colorado Lumber Products apply to ownership of the timber of the real property involved and also to easement rights upon the property. These rights were created under contracts granted by Joe R. Brown. The first contract was granted during the year 1955, and subsequent agreements were executed during the years 1957 and 1958. The rights of Plew also have their origin with Joe R. Brown and are evidenced by a contract of purchase, under the terms of which Brown agreed to sell and Plew agreed to purchase all of the real property and its appurtenances for a purchase price of $5,000. Plew's contract of purchase was executed on or about September 8, 1965, and was filed for record with the Clerk and Recorder of Hinsdale County on October 27, 1965. It is undisputed that at the time Plew executed, and also at the time he recorded his contract of purchase, he had no actual knowledge of the rights of Colorado Lumber Products. At the time of executing his contract to purchase, Plew paid Brown the sum of $2,500 and was to pay the remaining $2,500 of his purchase price at the time the real property was conveyed to him. Prior to conveyance and prior to the payment of the balance of the purchase price, Plew did receive actual notice of Colorado Lumber Products' rights, and on December 6, 1965, Colorado Lumber Products recorded the instruments by which their timbering and easement rights were created.
In the trial court Plew demanded specific performance by Brown of the contract of purchase and and also sought damages and injunctive relief against Colorado Lumber Products. The trial court granted a preliminary injunction against Colorado Lumber Products, prohibiting the removal of timber and the construction of roads on the real property involved. Subsequently, the parties submitted the controversy to the trial court on stipulated facts. The trial court then uttered its written conclusions of law, by which it ruled that Plew's interest in the real property was limited to a $2,500 vendee's lien for that portion of the purchase price which he had paid. The trial court thereafter dissolved the preliminary junction which it had issued. It is *129 from these rulings of the trial court that this writ of error has been brought.
The argument made by Colorado Lumber Products and accepted by the trial court, and also urged here, is that a subsequent purchaser without notice, who would otherwise be protected by the recording laws as against a prior unrecorded deed, is not entitled to that protection if he has not obtained a fully valid legal title, or if he has not paid a valid consideration in its totality, prior to the time he receives notice of a prior conveyance. It is contended that a subsequent claimant of such character has only a lien right to the extent of the consideration actually paid by him prior to receiving notice of the prior unrecorded instrument. While we concede that such might be the rule in other jurisdictions (See Annot., 109 A.L.R. 163, and 4 American Law of Property § 17.10) with respect to rights under recording laws differing from our present Colorado recording act, we hold that such rule has no application in this jurisdiction to competing rights in real property which are governed by the terms of the 1927 amendments to the recording act. The act in its entirety has remained unchanged since that date.
With the exception of distinctions not relevant here, our recording act provided as follows during the period from 1908 until amendments were made in 1927:
"All deeds, conveyances, agreements, in writing of, or affecting the title to real estate or any interest therein, powers of attorney for the conveyance of any real estate or any interest therein, certified copies of judgments and orders of courts of record, and all other instruments in writing affecting the title to real estate or any interest therein may be recorded in the office of the recorder of the county wherein such real estate is situated and from and after the filing thereof for record in such office, and not before, such deeds, bonds, contracts, judgments and instruments in writing shall take effect as to subsequent bona fide purchasers and incumbrancers by mortgage, judgment or otherwise not having notice thereof." (Emphasis added) Colo.Sess. Laws 1919, § 1 at 499, amending R.S. of Colo. 1908, § 694.
In this form the mandate of our recording statute was that, upon recording, an instrument creating an interest in real property would be effective against "subsequent bona fide purchasers" without notice. With such wording in the statute, it was reasoned that it was necessary to determine judicially in the instance of competing instruments affecting a given piece of real property whether a subsequent claimant met all the requirements of being a bona fide purchaser. Under such test, it was felt necessary to determine whether that claimant held a full and valid legal title and whether his interest had been acquired for value fully paid. During the year 1910, our Supreme Court in Paul v. McPherrin, 48 Colo. 522, 111 P. 59, set forth with apparent approval language stating that one could not be a bona fide purchaser within the meaning of our recording act unless he held, not only the equitable title to the real property involved, but also the legal title to such real property. Such reasoning also seems to have been applied by the Colorado Court of Appeals in the decisions of Brackett v. McClure, 24 Colo.App. 524, 135 P. 1110, and Carroll v. Kit Carson Land Co., 24 Colo.App. 217, 133 P. 148, which were decided in the year 1913. In these two cases it was held that parties claiming under invalid tax deeds could not be bona fide purchasers within the meaning of the then existing recording law and thereby entitled to protection against prior but unrecorded instruments.
It was after the utterance of the Court of Appeals decisions, and because of their utterance, that our recording law was amended during the year 1927. (See Morris, Curative Statutes of Colorado Respecting Titles to Real Estate, 16 Dicta 35 (1939) and 26 Dicta 281 (1949).) With the amendments made during 1927, our recording law assumed its present form, *130 which appears in C.R.S.1963, 118-6-9, and which is as follows:
"All deeds, powers of attorney, agreements or other instruments in writing, conveying, encumbering or affecting the title to real property, certificates and certified copies of orders, judgments and decrees of courts of record may be recorded in the office of the recorder of the county where such real property is situated and no such instrument or document shall be valid as against any class of persons with any kind of rights, except between the parties thereto, and such as have notice thereof, until the same shall be deposited with such recorder. In all cases where by law an instrument may be filed, the filing thereof with such recorder shall be equivalent to the recording thereof." (Emphasis added)
In view of these occurrences, it is our opinion that the legislative amendments of 1927 made in our recording law removed the judicial restrictions suggested in Paul v. McPherrin, supra, and applied in Brackett v. McClure, supra, and Carroll v. Kit Carson Land Co., supra. In our opinion, under our present statute, all instruments affecting the title to real property are given the same standing for recording purposes. By the terms of the statute they may all be recorded; and by the terms of the statute if they are not recorded they are without validity as against any class of persons holding any kind of rights except as between the parties themselves and those who have actual notice of the unrecorded instrument. We find support for our conclusion in the case of Moore v. Chalmers-Galloway Live Stock Co., 90 Colo. 548, 10 P.2d 950, which partially construes and which upholds the constitutionality of the recording act in its amended form, and also within the recent decision of our Supreme Court in Eastwood v. Shedd, 166 Colo. 136, 442 P.2d 423.
Applying these principles to the instant situation, we conclude that because of the legal impact of our recording act the unrecorded rights of Colorado Lumber Products were rendered legally invalid as against Plew when Plew recorded his contract of purchase. Eastwood v. Shedd, supra. Plew's position was not altered by the fact that he was given notice of Colorado Lumber Products' rights prior to the time that he, Plew, fully had consummated his contract of purchase and received his deed to the real property involved.
The trial court's order dissolving its preliminary injunction and its order creating the vendee's lien are reversed, and this cause is remanded for further proceedings consistent with the views herein expressed.
SILVERSTEIN, C. J., and DWYER, J., concur.

SUPPLEMENTAL OPINION
DUFFORD, Judge.
The petition for rehearing is denied. We make the following statement as a supplement to our opinion announced in this case on October 6, 1970:
In its petition for rehearing Colorado Lumber Products has urged that we fully determine and announce the extent of the plaintiff in error's rights. In our initially announced opinion we withheld full statement on this subject to the extent that the matter was not raised on appeal. However, this question having now been opened in the petition for rehearing and because of the significance of the question involved, we do so at this time. Our position in this regard is fully set forth by the Supreme Court of Arkansas in the case of Barker v. Sawyer, 212 Ark. 849, 208 S.W. 2d 167, in the following statement:
"When they paid the installment of purchase money and obtained the written contract evidencing the sale, appellants, as shown by the evidence, had no notice, actual or constructive, of the rights of the lumber company. Upon execution and delivery of the contract, and payment of part of the purchase *131 money, appellants' rights as vendees of the land became vested, and completion of the transaction by execution and delivery of the deed could have been compelled by appellants through proper legal proceedings.
* * * * * *
"Notice of the claim of the lumber company under its unrecorded timber deeds, received after appellants became the equitable owners of the land, was not sufficient to divest appellants of the interest in the land and the timber which they had acquired and partially paid for; nor were appellants required, on account of such information, to seek cancellation of a bargain they had made in good faith and without any knowledge of said appellee's claim."
See also Eastwood v. Shedd, 166 Colo. 136, 442 P.2d 423; Long v. Wright, 70 Colo. 173, 197 P. 1016; and Buck v. McNab, 139 So.2d 734 (Dist.Ct.App.Fla.).
It is our opinion that the legal impact of our recording statute is such that it rendered the rights of Colorado Lumber Products completely invalid as to the plaintiff in error, and that consequently the plaintiff in error is entitled to have the trial court order performance of his contract and the delivery of title to him by Brown free and clear of the rights of Colorado Lumber Products as if such rights had never existed. As a necessary corollary to this, and concurrent with such performance, the trial court should judicially remove any cloud upon the plaintiff in error's title which was created by the untimely recording of Colorado Lumber Products instruments, and we here direct that it do so.
The petition for rehearing is denied, and this cause is remanded for further proceedings consistent with the views expressed herein and with those in our opinion announced October 6, 1970.
SILVERSTEIN, C. J., and DWYER, J., concur.