522 P.2d 592 (1974)
Roy V. PLACE, Executor of the Estate of Gladys Breeden, Deceased, Plaintiff-Appellant,
v.
Lyda Jean CARMACK, a/k/a Lyda Jean Tubbs, Defendant-Appellee.
No. 73-122.
Colorado Court of Appeals, Div. II.
March 26, 1974.
Rehearing Denied April 16, 1974.
Certiorari Granted June 10, 1974.
Moyers, Kirkman & Henley, William H. Kirkman, Jr., Colorado Springs, for plaintiff-appellant.
Walton, Tammen & Hudson, Jack L. Hudson, Colorado Springs, for defendant-appellee.
Selected for Official Publication.
ENOCH, Judge.
Roy V. Place, executor of the estate of Gladys Breeden, appeals from a judgment dismissing his quiet title action against Lyda Jean Carmack. We reverse.
The facts stipulated by the parties show that in 1946 the subject property was deeded to Gladys Breeden and her husband Orville as joint tenants. This deed was duly recorded. The Breedens occupied the property until June 8, 1971, the date of Orville's death. By warranty deed dated October 16, 1967, Orville purported to convey an undivided one-half interest in the property to defendant Carmack. Defendant did not cause this deed to be recorded until June 14, 1971, six days after Orville's death. Gladys Breeden died in September 1971, and the executor of her estate *593 brought suit to quiet title to the entire property in the estate.
After reiterating the stipulated facts, plaintiff rested his case. Defendant then moved to dismiss under C.R.C.P. 41, and the motion was granted. In its conclusions of law, the trial court held that upon delivery of the deed to defendant, the joint tenancy between Gladys and Orville Breeden was severed and Gladys' right of survivorship terminated. The court also held that the Colorado recording statute, C.R.S.1963, 118-6-9, was not applicable.
The issue on appeal is whether a deed executed and delivered by one joint tenant, but not recorded until after his death, is effective to sever the joint tenancy. C.R.S.1963, 118-6-9, provides:
"[N]o such instrument or document [deeds and other writings affecting title to real property] shall be valid as against any class of persons with any kind of rights, except between the parties thereto, and such as have notice thereof, until the same shall be deposited with such recorder." (Emphasis added.)
As the Supreme Court has noted, the protection afforded by Colorado's recording statute is extremely broad in comparison to the statutes of other jurisdictions. Eastwood v. Shedd, 166 Colo. 136, 442 P.2d 423. See also Plew v. Colorado Lumber Products, 28 Colo.App. 557, 481 P.2d 127. If Gladys, as a joint tenant, were a member of "any class of persons with any kind of rights" in the property, the deed was not effective to divest her of those rights, in the absence of notice, until it was recorded.
In the case of joint tenancies in real property the rights of the co-owners are fixed and vested at the time of the creation of the joint tenancy. In re Estate of Lee v. Graber, 170 Colo. 419, 462 P.2d 492; Smith v. Greenburg, 121 Colo. 417, 218 P. 2d 514. For the duration of the joint tenancy, each tenant owns the undivided whole of the property; he does not own a fractional part thereof. C. Smith & R. Boyer, Survey of the Law of Property 18 (2d ed. 1971). Each tenant also retains the right of survivorship until the joint tenancy is effectively severed. Severance must occur prior to the death of one of the joint tenants, since the right of survivorship instantly vests title to the whole property in the surviving tenant at the moment of death of the other joint tenant. Smith & Boyer, supra at 57.
Applying these principles to the case at hand, it is clear that at the time the warranty deed was delivered to defendant, Gladys did have rights in the property: an undivided interest in the whole and the right of survivorship. Moreover, her title was recorded. She was therefore a person within the class protected from unrecorded deeds by the Colorado recording statute and if Gladys had no notice of the deed, the joint tenancy was not severed prior to recording of defendant's deed. On the basis of the plaintiff's evidence, the joint tenancy was not severed by the unrecorded deed and title to the entire property immediately vested in Gladys at the moment Orville died.
Of course, either of the joint tenants has the power to convey his interest in the property to a third person at any time. The issue in this case is what steps are necessary to make such a conveyance effective to sever the joint tenancy. For the reasons stated above, execution and delivery of a deed are not sufficient to divest the other joint tenant of his right of survivorship. The deed is effective against the non-conveying joint tenant only if he has notice of it or if the deed is recorded prior to the death of the conveying joint tenant.
Defendant argues that plaintiff had the burden of proving non-delivery of the deed and that he failed to present any evidence on this issue. However, even assuming proper delivery of the deed during Orville's lifetime, defendant did not record the deed until after Orville's death; thus, defendant may prevail only if she demonstrates that during Orville's lifetime Gladys had notice of the deed.
*594 The judgment of the trial court dismissing plaintiff's case is reversed and the cause remanded to permit the defendant to present her evidence.
PIERCE, J., concurs.
RULAND, J., dissents.
RULAND, Judge (dissenting):
I respectfully dissent. Among the rights accruing to the owner of a joint tenancy property is the right to sever the joint tenancy by conveying his interest therein. In my view, the tenancy is automatically severed upon execution and delivery of a valid deed. At that point any expectancy of ownership by the other joint tenant or tenants through survivorship is automatically terminated, and thus the recording statute has no bearing in determining the status of the grantee of the deceased joint tenant. In Colorado, the rights of an heir to inherit may be terminated by an unrecorded deed, see American National Bank v. Silverthorn, 87 Colo. 345, 287 P. 641, irrespective of whether the heir consents or has knowledge of the conveyance, see Miller v. Ciruli, 144 Colo. 90, 355 P.2d 114. I am unable to attribute a greater right to a spouse as a joint tenant than as an heir.
Conversely, the recording statute is designed to protect persons who acquire some interest in real property on the strength of what the public record reflects as to the ownership thereof. In my view the majority opinion defeats the purpose of the statute under the facts of this case by invalidating a conveyance when: (1) The grantee has obtained his interest from one of the record owners; and (2) the record owner had the lawful right to execute and deliver the conveyance.
Finally, the recording statute provides that an unrecorded deed is valid as between the parties thereto. However, the majority opinion, in effect, deletes that provision from the statute since the death of the grantor in this case automatically invalidated an otherwise valid conveyance to his grantee.
In my view, the judgment of the trial court should be affirmed.