**Jack J. GRYNBERG,
Plaintiff-Appellant,**

v.

**CITY OF NORTHGLENN, Shaeffer & Roland, Inc., Chen and Associates, Inc., and Arrow Drilling Company, Defendants-Appellees.**

No. 83CA1471.

Colorado Court of Appeals,
Div. II.

Jan. 24, 1985.

Rehearing Denied Feb. 21, 1985.

Certiorari Granted July 8, 1985.

602

Welborn, Dufford, Brown & Tooley, Phillip D. Barber, Ellen Toll, Denver, for plaintiff-appellant.

Popham, Haik, Schnobrich, Kaufman & Doty, Ltd., Gary E. Parish, J. Michael Morgan, Denver, for defendants-appellees.

McMartin, Burke, Loser & Fitzgerald, P.C., Herbert C. Phillips, Englewood, for defendant-appellee City of Northglenn.

STERNBERG, Judge.

In this geophysical exploration trespass case, the plaintiff, Jack Grynberg, appeals the trial court's entry of summary judgment against him. We affirm.

The plaintiff was the owner of an unrecorded lease from the State of Colorado to explore and mine for minerals on a parcel of land in Weld County. In preparation for construction of a water re-use reservoir, the City of Northglenn drilled a 600-foot test hole to determine certain geologic information about the site. Northglenn needed the information to secure approval of the reservoir from the state engineer pursuant to § 37-87-117, C.R.S. (1984 Cum.Supp.), and also to obtain a zoning change, pursuant to the Colorado Geological Survey Act, § 34-1-305(2), C.R.S. (1984 Repl.Vol. 14).

Prior to the drilling, Northglenn searched the county land records, contacted those with recorded interests (including the recorded owner of the mineral lease from the state, Adolph Coors Co.), and received permission to drill from those with the recorded interests. Northglenn then drilled the test hole, determined there were no mineral deposits of commercial value, reported the results to the state engineer, and purchased the property.

On appeal, plaintiff contends that the defendants, City of Northglenn, Shaeffer & Roland, Inc., Chen and Associates, Inc., and Arrow Drilling Company, are liable as a matter of law for intentional trespass, assumpsit, wrongful appropriation of geological information, interference with prospective business advantage, and negligence, and that the trial court erred in ruling his claims were barred because he had not recorded his lease pursuant to the Colorado Recording Statute, § 38-35-109, C.R.S. (1982 Repl.Vol. 16A). We disagree.

The Colorado Recording Statute, § 38-35-109, C.R.S. (1982 Repl.Vol. 16A) provides in part that:

"All ... instruments ... affecting the title to real property ... may be recorded in the office of the county clerk and recorder ... and no such instrument ... shall be valid against any class of persons with any kind of rights, except between the parties thereto and such as have notice thereof, until the same is deposited with such county clerk and recorder."

The purpose of this statute is to protect persons with interests in land from losses caused by unknown or concealed interests, so that a purchaser or anyone needing the information may rely on the condition of the title as it appears in the record. *See Page v. Fees-Krey, Inc.*, 617 P.2d 1188 (Colo.1980). The recording statute applies to "any class of persons with any kind of right," and therefore, its protection is not limited to merely bona fide purchasers and encumbrancers. *Eastwood v. Shedd*, 166 Colo. 136, 442 P.2d 423 (1968). Hence, interested parties with no

actual or constructive notice of prior conveyances or encumbrances may rely on and are bound by the recorded history of the title.

■ Here, the trial court properly found that a coal lease is an instrument subject to the protection of the Colorado Recording Statute. *Rocky Mountain Fuel Co. v. Clayton Coal Co.*, 110 Colo. 334, 134 P.2d 1062 (1943); *Page v. Fees-Krey, Inc., supra.*

■ The trial court also properly concluded that Northglenn was a party "with a right" and was entitled to the protection of the statute. While negotiating for the purchase of the property, Northglenn had obtained permission from the surface owner to enter the land and drill geologic test holes. In fact, a specific performance contract was executed while the drilling took place. Also, prior to the submission of the geologic report to the Colorado State Engineer, Northglenn had recorded its specific performance contract for the sale of the property, thus vesting it with equitable title in the property. Subsequently, Northglenn obtained the warranty deed which merged the equitable and legal titles in the property. These interests were sufficient to bring Northglenn within the broad class entitled to the protection of the recording statute.

However, plaintiff argues that Northglenn should be charged with notice of his lease simply because Northglenn was aware that the mineral interest had been severed and was held by the State of Colorado. Plaintiff contends that because Northglenn was aware of the state's interest, it should have checked the state's land office records for leases from the state to other parties, and any such leases recorded there should be taken as constructive notice of the leases and therefore be binding on third parties. We decline to extend the legal presumption of constructive notice to these circumstances.

■ Plaintiff relies on *Page v. Fees-Krey, Inc., supra,* as authority for requiring a search of government records in addition to what is reflected in the recording statute. However, in that case there were many irregularities in the defendant's chain of title, and the records were in such a state, that there was a presumption of irregularity requiring further inquiry. Such was not the case here. Since reasonable reliance could be placed in the status of the title as it appeared in the county records, Northglenn was not required to search the state land office records. Therefore, it will not be charged with constructive notice of what was in those records.

Because we agree with the trial court that Northglenn was a party with a right in the property and was without notice of the lease, and because we agree that the recording statute entitled Northglenn to rely on the state of the title as disclosed by the public record, summary judgment for defendants was appropriate.

Plaintiff's other contentions are without merit.

Judgment affirmed.

SMITH and KELLY, JJ., concur.