72 P.3d 425 (2003)
In the Matter of the ESTATE OF Adeline M. KISER, Deceased.
Kathryn McDonald Freedman, a/k/a Katherine McDonald; Susan Maul; Nanci Burchess Smith; and Craig Burchess (Trust Beneficiaries), Appellants,
v.
Monique Campbell, Appellee.
No. 02CA0765.
Colorado Court of Appeals, Div. III.
April 24, 2003.
*427 Frank J. Anesi, Durango, Colorado, for Appellants.
Douglas R. Sitter, Durango, Colorado, for Appellee.
Opinion by Judge ROY.
In this probate proceeding, Kathryn McDonald Freedman, Susan Maul, Nanci Burchess Smith, and Craig Burchess (beneficiaries), appeal the trial court's judgment in favor of Monique Campbell (devisee). We affirm.
The issue here is whether, under the circumstances of this case, a parcel of real property (the property) passes under a trust agreement to beneficiaries or by testacy to devisee. We conclude that title passes by testacy.
Adeline M. Kiser (decedent) and her husband created a revocable trust. The trust was funded with, among other things, the property. The deed transferred the property from decedent and her husband to themselves as "co-trustees," but did not name the trust or its beneficiaries. In addition, no trust agreement or affidavit of trust specifying the trustees' powers or identifying the beneficiaries' names and addresses was recorded.
The trust agreement provided that upon the deaths of decedent and her husband, the residue and remainder of the trust estate would be distributed to the beneficiaries. It also provided that the trust could only be revoked in writing.
After decedent's husband died, she told her attorney that she wanted to revoke the trust. However, when he advised her that the trust might have formal revocation requirements which she must perform, decedent chose to avoid legal fees and directed that her attorney take no further action. While the parties stipulated that decedent wished to revoke the trust, it was never revoked.
Several years later, decedent executed her will, which bequeathed the property to devisee. Upon the will being admitted to formal probate, decedent's personal representative petitioned the court to determine whether title to the property passed under decedent's will or pursuant to the trust. The parties submitted this question to the trial court on stipulated facts.
The trial court, relying on § 38-30-108, C.R.S.2002, concluded that the deed did not *428 convey the property to the trust; rather, it conveyed the property to decedent and her husband as tenants in common. Thus, the trial court concluded that devisee received decedent's one-half interest in the property, and the other one-half interest is held by the unprobated estate of decedent's husband. This appeal followed.
Because the trial court's decision resolved a question of law, based on stipulated facts, an unambiguous written instrument, and its interpretation of a statute, we review the decision de novo. See Evinger v. Greeley Gas Co., 902 P.2d 941 (Colo.App.1995).

I.
Initially, we address beneficiaries' assertion that § 38-30-108, which governs conveyances of real property to trusts, does not protect devisees and thus does not apply here. We disagree.
Section 38-30-108 states in pertinent part:
(1) An instrument conveying an interest in real property, in which the grantee is described as trustee ... shall also describe the representative capacity of such grantee by one or more of the following means:
(a) Naming the person so represented;
(b) Identifying the statute, the trust or other agreement, or the court appointment under which the grantee is acting; or
(c) Referring, by proper description to book, page, document number, or file to an instrument, order, decree, or other writing containing any such description of the representative capacity of the grantee that is recorded with the county clerk and recorder in the county where the real property is located.
(2) If the representative capacity of the grantee is not described as provided in subsection (1) ... the description of a grantee in any such representative capacity in such instrument of conveyance shall be presumed to be a description of the person only and shall not be notice of the representative capacity of such grantee.
The fundamental purpose of § 38-30-108 is to provide notice to an interested party, whether the property has been conveyed to a trust. It is a notice statute that enhances the alienability of property. See generally Lagae v. Lackner, 996 P.2d 1281 (Colo.2000). The General Assembly's intent was to "give credence to actions of a trustee in selling, pledging as collateral, or otherwise dealing with trust property." Lagae v. Lackner, supra, 996 P.2d at 1285. The statutory presumption allows third parties to rely on actions of a trustee concerning trust property, "without having to determine whether the trustee is or is not complying with his or her fiduciary duty to the trust beneficiaries." Lagae v. Lackner, supra, 996 P.2d at 1285-86.
When a deed does not name the beneficiaries or refer to the public record containing this information, and is thus noncompliant with the statutory notice requirement, the statute "(1) protects subsequent takers [of the property] by eliminating their duty of inquiry to ascertain the nature and effect of a trust relationship; and (2) prevents the undisclosed beneficiaries from contesting the interest of subsequent takers who obtained the property from the trustee or through the trustee's chain of title." Lagae v. Lackner, supra, 996 P.2d at 1286.
If the statute did not protect devisees, then a devisee would be forced to inquire into the trustee's fiduciary duty to determine the quality of the devisee's title to trust property. Hence, we agree with devisee that the purposes of § 38-30-108 as described in Lagae v. Lackner are broad enough to protect devisees.
Beneficiaries correctly note that the statute most often avoids problems faced by third parties who are "bona fide purchasers, lessees, mortgagees, or assignees" of trust property. Lagae v. Lackner, supra, 996 P.2d at 1287. However, unlike similar statutes in several other states, § 38-30-108 does not expressly limit those who may benefit from lack of the required notice. Cf., Ariz.Rev.Stat. § 33-404 (2002); Mont.Code Ann. § 70-21-307 (2002); Neb.Rev.Stat. § 76-268 (2002).
Moreover, although the phrase is not defined in Lagae v. Lackner, supra, in our view "subsequent takers" includes devisees.
*429 The term "taker" means "[a] person who acquires, [especially] one who receives property by will, by power of appointment, or by intestate succession." Black's Law Dictionary 1467 (7th ed.1999).
Accordingly, we conclude that the statute protects devisees in addition to bona fide purchasers and similar parties. See Avi-Comm, Inc. v. Colorado Public Utilities Commission, 955 P.2d 1023 (Colo.1998)(the court must give effect to the statute's plain and ordinary meaning and presume that the General Assembly intended a just and reasonable result). We agree with the trial court that to find otherwise would lead to an inconsistent and nonsensical result.
Thus, because the sole issue in this case is whether the deed at issue is sufficient to convey the property to the trust or whether devisee was bequeathed the property, we find that the statute is clearly applicable in this case.

II.
We next conclude that the deed here did not satisfy the statutory requirements and thus did not transfer the property to the trust.

A.
Section 38-30-108(1) requires a deed to: (1) name the beneficiaries of the trust; (2) identify the statute, trust agreement, or court appointment under which the grantee is acting; or (3) refer to the recorded document in the real property records in the county where the property is located. If the deed fails to conform, the property is presumed transferred to the grantee in his or her individual capacity, not in a representative capacity. See § 38-30-108(2).
Here, the deed only stated that it was transferring the property to decedent and her husband as co-trustees, which is insufficient to meet the statutory requirements. See Board of County Commissioners v. Blanning, 29 Colo.App. 61, 479 P.2d 404 (1970)(holding that failure to comply with the requirements of § 38-30-108 resulted in the grantee taking both legal and equitable title to the property).

B.
Nevertheless, beneficiaries contend that Lagae v. Lackner, supra, should be read to hold that a nonconforming deed transfers property to a trust when, as here, the party claiming an interest adverse to the trust did not obtain that interest through reliance on the chain of title. We decline to extend Lagae beyond its facts and therefore reject beneficiaries' contention.
As here, Lagae involved a deed that attempted to transfer property to a trust, but did not satisfy § 38-30-108(1). Judgment creditors of one of the trustees, but not of the trust, sought to seize the property. They argued that, because the deed did not satisfy § 38-30-108(1), the property was transferred to the trustee individually and not in trust.
The supreme court held that the creditors could not seize the property. However, it limited its holding to narrow circumstances:
We hold that the failure of a personal representative's deed to list the beneficiaries of a trust or reference a document of record providing such information, pursuant to section 38-30-108, does not render trust property available to satisfy personal judgments against a trustee when the creditors placed no reliance on the non-conforming personal representative's deed in extending the credit.
Lagae v. Lackner, supra, 996 P.2d at 1284. This conclusion is consistent with the general rule that an unrecorded beneficial interest is not subject to execution by creditors of the holder of the legal interest. See, e.g., Blalak v. Mid Valley Transportation, Inc., 175 Ariz. 538, 858 P.2d 683 (Ariz.Ct.App.1993).
The supreme court further explained that "[o]ur statute is intended to protect the alienability of property and the integrity of the chain of title." Lagae v. Lackner, supra, 996 P.2d at 1287. Denying the statute's protection to the creditors in that case, who were not subsequent takers of the property, neither limited alienability nor clouded the chain of title. In contrast, denying the statute's protection to devisees, who would be subsequent *430 takers, could limit alienability of real property by will and create uncertainty in the title chain when a devisee subsequently transfers title to the property.
Beneficiaries note that, both here and in Lagae, the parties claiming an interest adverse to the trust could not show reliance on the nonconforming deed. However, unlike in Lagae, here devisee asserts rights as a transferee of title to real property. In light of the legislative intent to protect alienability and title, we read Lagae's interpretation of § 38-30-108 as limited to circumstances in which the party claiming an interest adverse to the trust is not a transferee. Cf. Eastwood v. Shedd, 166 Colo. 136, 442 P.2d 423 (1968)(donee of real property who recorded her deed was protected by recording act against a prior unrecorded deed, although donee was not a bona fide purchaser for value).
Accordingly, we conclude that the deed did not transfer the property to the trust, and thus title vested in decedent and her husband as individuals.

III.
We also reject beneficiaries' argument that their "Trust Registration Statement" cured the defect in the deed pursuant to § 38-30-108(3), C.R.S.2002.
In the 2001 legislative session, the General Assembly amended § 38-30-108 with a new subsection (3). The amendment became effective on August 8, 2001, before beneficiaries filed their reply brief with the trial court. Beneficiaries argue that the amendment applies in this case and allows them to cure the deficiencies in the deed. Although we agree that the new subsection applies here, we do not agree that it provides beneficiaries with relief.
Section 38-30-108(3) provides:
After the recording of an instrument conveying an interest in real property in which the grantee is described as acting in a representative capacity, but in which the description of the grantee does not comply with subsection (1) ... and regardless of whether such instrument of conveyance was recorded prior to or after August 8, 2001, an affidavit that has been executed by or on behalf of such grantee, which refers by proper description by book, page, document number, or file to the recording information of such instrument of conveyance and that contains one of the descriptions of the representative capacity of such grantee described in subsection (1) ... may be recorded with the county clerk and recorder of the county where the real property is located.
(Emphasis added.)
Although the statute in effect at the time a claim accrues generally governs the claim, when the General Assembly clearly intends otherwise, the amended statute may be applied retroactively. See Academy of Charter Schools v. Adams County School Dist. No. 12, 32 P.3d 456 (Colo.2001).
Here, it is clear that the legislature intended the new section to be applied retroactively to deeds that had been filed before August 8, 2001, the effective date of the amendment. Therefore, the amended statute applies in this case.
Nevertheless, beneficiaries' argument that the trust registration statement cures the deed's defect is unpersuasive. The statute specifically requires that an affidavit be filed with the clerk and recorder in the county where the property is located. See § 38-30-108(3). Here, unlike an affidavit, the trust registration statement is not sworn. Moreover, it is not filed with the county clerk and recorder, but with the trial court, and it was contrary to decedent's stipulated intent to revoke the trust and bequeath her interest in the property to devisee.
In addition, § 38-30-108(3) requires that the affidavit be executed "by or on behalf" of the grantee. Here, beneficiaries created the trust registration statement without any authority from decedent and after she had died.
Moreover, the filing of such an affidavit by a grantee diminishes his or her interest in the property and is, therefore, presumably contrary to his or her interests. Here, the filing of the trust registration by beneficiaries was in, and not contrary to, their interests.
*431 Finally, the trust registration statement was filed with the trial court not only following decedent's death, but after this controversy arose. Although the amendment does not establish a time limit within which the affidavit must be filed, the facts before us show that the affidavit was untimely. Cf. Sky Harbor, Inc. v. Jenner, 164 Colo. 470, 435 P.2d 894 (1968)(correction deed ineffective because filed after lien had attached).
Therefore, we conclude that the trust registration statement fails to satisfy the requirements in § 38-30-108(3) and thus does not cure the deed's deficiencies.

IV.
Finally, we reject beneficiaries' contention that the trial court erred by looking beyond the parties' stipulated facts in rendering its decision.
The parties in this case stipulated to a number of facts, including:
If it is determined that the property ... was conveyed to the Trust and no evidence is discovered with regard to the Trust's revocation or modification, the parties agree that the property remained in the Trust; the will does not operate to revoke or amend the Trust under applicable Colorado law; and the property will be distributed according to the terms of the Trust.
If it is determined that the property ... was not conveyed to the Trust, the parties agree that the property will pass according to the terms of the will.
In making its findings of fact, the trial court stated:
Nor does the Court consider itself bound by the stipulation of the parties. The Court sees no reason under the facts why, even were the deed to the Trust to be considered effective, the legislative intent discussed above would not allow the trustee to deal with the Trust property, even absent a proper termination.
The trial court was not bound by the parties' stipulations in its determination of questions of law or mixed questions of law and fact. See Bar 70 Enterprises, Inc. v. Tosco Corp., 703 P.2d 1297 (Colo.1985). In addition, the trial court explained that it "resolve[d] this case by finding the 1991 deed ineffective to convey to the Trust." Thus, we perceive no error by the trial court.
Having concluded that the deed was not effective to transfer the property to the trust, we need not address beneficiaries' argument that decedent created a bona fide trust.
Accordingly, we conclude, as did the trial court, that a one-half interest in decedent's interest in the property passes to devisee under decedent's will, and no interest in the property passes to beneficiaries.
Judgment affirmed.
Judge DAVIDSON and Judge WEBB concur.